FILED
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN 3 1 2023

BY
DEPUTY

UNITED STATES DISTRICT COURTS
EASTERN DISTRICT OF TEXAS
_______________ DIVISION

Mary Alice Cheatam

Name of Plaintiff(s)

Case Number: 1:23cv40

vs

LaSalle Corrections

Name of Defendant(s)

COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

Note: If plaintiff is alleging employment discrimination based on race or color, please also see 42:U.S.C. 1981

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the court by 42 U.S.C. 2000e-5. Equitable and other relief are also sought under 42 U.S.C. 2000e-5(g).

2.. Plaintiff, Mary Alice Cheatam (name of plaintiff), is a citizen of the United States and resides at 1200 6th Street (street address), Port Arthur (city), Jefferson (county), Texas (state), 77640 (zip), (409) 549-0761 (telephone)

3.. Defendant, LaSalle Corrections, resides at, or its business is
(name of defendant)

located at 1001 Pearl St. Suite 101, Beaumont,
(street address) (city)

Jefferson, Texas, 77701, (409) 434-4654
(county) (state) (zip) (telephone)

4. Plaintiff sought employment from the defendant or was employed by the defendant

at 1001 Pearl St. Suite 101, Beaumont,
(street address) (city)

Jefferson, Texas, 77701.
(county) (state) (zip)

5. Defendant discriminated against plaintiff in the manner indicated in paragraphs 9 and 10

of the complaint on or about 12-01-2018.
(month, day, year)

6. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint on or about 02-01-2019.
(month, day, year)

7. The Equal Employment Commission issued a Notice of Right to Sue which was received by plaintiff on 11-03-2022.
(month day, year)

8. Because of plaintiff's (1) _____ race, (2) _____ color, (3) __✓__ sex,

(4) _____ national origin, defendant:

a. _____ failed to employ plaintiff.

b. _____ terminated plaintiff's employment.

c. _____ failed to promote plaintiff.

d. __✓__ Other I was Subjected to Retaliation, a sexually hostile working environment, Bullied, and intimidation by the warden, and other Supervisors at LaSalle Corrections for reporting Sexual Harassment.

9. The circumstances under which the defendant discriminated against plaintiff were as follows:

Since September 2016 I have been employed by LaSalle Corrections as a Jailer, During my employment I was Subjected to sexually hostile working environment, Consequently, I filed a Sexual Harassment complaint against Sgt Robert Johnson, Lt. A. Gillespie, Officer John Cooper, and Officer DeAndra Cole in February 2019, Shortly after, I was Retaliated against by Sgt R. Johnson who wrongfully accused me of Insubordination, and consequently caused me to be placed on a 6-month probation on April 3-2019, I have personally witnessed Officer Cheryl Jones, and Officer John Cooper be insubordinate to Sgt. R. Johnson without anything happen to them, On April 14 2019, I fell, and sustained a job injury, I was later wrongfully accused by Lt. A Gillespie, and Sgt Robert

continue on next page →

Johnson, per Jody Tillman (Director of H.R, Department Head Quarters out of Louisiana) of refusing to take a drug test, and that I had refused to file a worker's Compensation claim. On the next Day, while I was still out on my medical leave, I was informed by Susan Benoit, Human Resources manager, that I was required to sit in front of a Review Board before I return back to work, the review board would determine if I was responsible for slipping, and falling on April 14, 2019 (unsafe practice), I would be sitting in front of the exact same people I had made complaints against, To my knowledge Officers Cole, Brim, and Tinsel were not asked, or required to sit in front of a review Board for their slip and fall injuries, and/or committing and unsafe practice, I believe the company is looking for ways to terminate my employment, and is currently appealing my workers Compensation claim for no valid reasons, Even the Director of H.R. Jody Tillman informed me she had never heard of any type of Review Board when an employee slipped and fell, I believed I have been discriminated against because of my sex (female), and being Retaliated against for engaging in a protected activity, in violation of

Title VII of the Civil Rights Act of 1964, as amended, and because of my disability, in violation of the Americans with Disabilitys Act of 1990, as amended. Thank You

Mary alice Cheatam
1-26-2023
(409) 549-0761

10. The acts set forth in paragraph 9 of this complaint:

a. ✓ are still being committed by defendant. yes, Per Terry Gibson who is still an employee at La Salle Corrections in Beaumont Texas.

b. ______ are no longer being committed by defendant.

c. ✓ defendant may still be committing the acts.

11. Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission which charges are submitted as a brief statement of the facts supporting this complaint. WHEREFORE, Plaintiff prays that the Court grant the following relief to the plaintiff:

a. ______ Defendant be directed to employ plaintiff.

b. ______ Defendant be directed to re-employ plaintiff.

c. ______ Defendant be directed to promote plaintiff.

d. ✓ Defendant be directed to award plaintiff and that the monetary Damages in the amount of $123,840.00 Please Read attached Statement. $50,000.00 $173,840.00

Court grant such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees. ✓

Mary alice Cheatam 1-30-2023
(Signature of Plaintiff)

EEOC Charge number 846-2019-10056

On 11-30-2021 at 122pm Michelle Villanueva, Federal Investigator EEOC, called me to Discuss a Good Faith and Intention move forward, a Demand Offer conciliate to Resolve, She asked me to Break-Down the amount I would have earned in 3 years, Because I informed Michelle Villanueva I had plan on working at lease three more years with LaSalle Corrections in Beaumont Texas before I slipped and fell on 4-14-2019.

Mary alice Cheatam
11-30-2021

Mary alice Cheatam 1-29-23

TO: Michelle Villanueva EEOC, Federal Investigator
FROM: Mary Alice Cheatam
Charge Number 846-2019-10056

After numerous attempts to Resolve this matter with good faith, and intentions to move forward with LaSalle Corrections located in Beaumont Texas concerning inappropriate sexual comments, and behavior made by four male employees in my presents while at work, two of the males being my immediate supervisors, I also request a monetary award for the constant Harassment towards me, by several supervisors at LaSalle Corrections including the Warden (Detrah Lacy) by writing bogus Disciplinaries on me, insults, calling me names, and even lying on me, All of this only because I chose not to be disrespected in the work place by four male employees, who themselves chose to be verbally inappropricate, and unprofessional while at work. I now choose to Draft this Demand offer conciliate to Resolve, I had anticipate working three more years for LaSalle Corrections at the pay Rate of $21.05 per hour which totals $123,840.00, I am also Requesting $50,000.00 for the continuous third party harassment by the four male employees, and the Mental Harassment, causing me to be depress by the unit Warden (Detrah Lacy), the field Warden (Chris Bell), and the unit Captain (Lisa Gobert) Due to me (Mary Alice Cheatam) Reporting the four male employees inappropriate Sexual comments, and unprofessional behavior in my presents while at work. Thank You

Mary Alice Cheatam
12-3-2021

Mary Alice Cheatam 1-29-23



February 8, 2019

Dear Mary Cheatam,

Following a routine audit of all positions within our organization we decided to increase your pay to $21.05 per hour. The effective date of this increase is 2/1/2019 and the increase in pay will appear in the pay received on 2/22/2019.

Should you have any questions, please contact your local Human Resources representative.

Best Regards,

Lindsay French

HR Assistant

cc: personnel file

Mary Alice Cheatam 12-3-2022

Table of contents

1. notice of Right to sue
2. Charge of Discrimination
3. notice to EEOC Investigator Michelle Villanueva
4. Executive Director Texas (LaSalle Corrections)
5. LaSalle Corrections Employee HandBook (Please Read)
6. More LaSalle Policies (Please Read) (I have mark certain policies that LaSalle Correction Beaumont violate
7 LaSalle Corrections Prea Act Offenders, and Officers Beaumont Unit ignore my complaint
8. Some of the people I have reported my Sexual Harassment, Retaliation, Hostile Working Environment to.
9. Witnesses who may Help my case, Alice Mayfield, Terry Gibson
10. Made Up Harassing Disciplinaries that was written on me. Also Grievances I wrote, but never Recieved a Response to.
11. 4-14-2019 I slipped & Fell, I was acused of not truth by my employer I had no check for almost a year I had to go to workers Comp. court

# Table Of Content

To win my case, I was Retaliated against because I filed an EEOC Case against 4 male officers at La Salle Corrections Beaumont Texas.

12. Workers Compensation Insurance Originally Denied me because La Salle Supervisor Sgt Robert Johnson Did not tell the truth by saying He Did not see fall & he was Standing 7 to 10 feet away from me when I slipped & fell

13. Events on Day I slipped & fell & Information 4-30-2019 when Workers Comp. Denied me

14. Two male employees Officer Tindle, & Officer Cole injured them self at work and was not question By the Administration

15. Please Read the workers comp. Judge Decision (Dept. of Insurance)

16. Date Social Security Disability state I became disable 4-14-19 Day I fell at LaSalle Corrections Beaumont Tx.

17. FMLA Documents

18 Separation Of Licensee

19. Important Dates at work

20. name of the 4 male officers I made a complaint on Sexual Harassment

21 Supervisors who made working at La Salle

Table of Contents

CORRECTIONS a Hostile Working Environment

22 Year 2021 I reported another male Supervisor who was treating the female officer poorly & the male officer better than females. Ronald Holmes is his name.

23. Please Read about the People who was in charge of the unit and had Authority to stop the Harassment, Retaliation Hostile working Environment Bulling But would not Do so.

A. Jody Tillman (Director of HR.)
B. Detrick Lacy (unit warden)
C. Lisa Gobert (Captain of the unit)
D. Arthur Gillespie (Lt. of the unit)
E Robert Johnson (Sgt on night shift where I worked)
F Chris Bell (Field warden)

Notice of Right to Sue
Letter



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Houston District Office**
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

Ms. Mary A. Cheatam
1200 6th St.
Port Arthur, TX 77640

Lasalle Corrections
1001 Pearl St., Suite 101
Beaumont, TX 77701

Leah Sumrall
Senior Corporate Counsel
LaSalle Management Company
192 Bastille Lane, Ste. 200
Ruston, LA 71270

Re: Ms. Mary A. Cheatam v. LASALLE CORRECTIONS
EEOC Charge Number: 846-2019-10056

The Commission has determined that efforts to conciliate this charge as required The Americans With Disabilities Act of 1990 (ADA) and Title VII of the Civil Rights Act of 1964 (Title VII) have been unsuccessful. This letter is the notice required by §1601.25 of the Commission's Regulations, which provides that the Commission shall notify a Respondent in writing when it determines that further conciliation efforts would be futile or non-productive. No further efforts to conciliate this case will be made.

The Commission has determined that it will not bring a lawsuit against the above-named Respondent. The issuance of the enclosed Notice of Right to Sue concludes the processing of this charge by the Commission.

Accordingly, this case will be reviewed to determine whether the EEOC will take further action against the above-named Respondent. A determination should be forthcoming in the near future.

On Behalf of the Commission:

Rayford O. Irvin Digitally signed by Rayford O. Irvin Date: 2022.11.04 10:30:52 -05'00'

Rayford O. Irvin
District Director



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Houston District Office
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

# CONCILIATION FAILURE AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 11/03/2022

**To:** Ms. Mary A. Cheatam
1200 6th St.
Port Arthur, TX 77640
Charge No: 846-2019-10056

EEOC Representative and email: Michelle Villanueva | michelle.villanueva@eeoc.gov
Investigator

---

## CONCILIATION FAILURE OF CHARGE

To the person aggrieved: This notice concludes the EEOC s processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 846-2019-10056.

On behalf of the Commission,

Rayford O. Irvin Digitally signed by Rayford O. Irvin Date: 2022.11.04 10:30:16 -05'00'

Rayford O. Irvin
District Director

Cc: Leah Sumrall
Senior Corporate Counsel
LaSalle Management Company
192 Bastille Lane, Ste. 200
Ruston, LA 71270

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 846-2019-10056 to the District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor

Houston, TX 77002.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ✓ **Only one** major life activity need be substantially limited.
- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

Charge of
Discrimination
On Back my
letter to EEOC
Investigator
*Samanth. Salazar*

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[ ] FEPA

[X] EEOC 846-2019-10056

**Texas Workforce Commission Civil Rights Division** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Mary A. Cheatam** | **(409) 549-0761** | **1962** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1200 6th Street** | **Port Arthur, TX 77640** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **LASALLE CORRECTIONS** | **15 - 100** | **(409) 434-4654** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1001 Pearl St., Suite 101** | **Beaumont, TX 77701** |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] NATIONAL ORIGIN

[X] RETALIATION [ ] AGE [X] DISABILITY [ ] GENETIC INFORMATION

[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earinsuliest | Latest |
|---|---|
| **02-01-2019** | **04-15-2019** |

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. Since September 2016, I have been employed by Respondent as a Jailer. During my employment, I was subjected to a sexually hostile working environment. Consequently, I filed a sexual harassment complaint against Sgt. Johnson, Lt. Gillespie, Officer John Cooper, and Officer DeAndra Cole in February 2019. Shortly after, I was retaliated against by Sgt. Johnson, who wrongfully accused me of insubordination and consequently caused me to be placed on a 6-month probation on April 3, 2019. Other Jailers such as Officer Cheryl Jones and Officer Cooper were not disciplined for being insubordinate to Sgt. Johnson. On April 14, 2019, I fell and sustained a job injury. I was later wrongfully accused of refusing to take the drug test and that I had refused to file a Worker's Compensation claim. On the next day, while I was still out on my medical leave, I was informed by Ms. Susan Benoit, Human Resources Manager, that I was required to sit in front of the Review Board for unsafe practice. To my knowledge, Officers Cole, Brim and Tinsel were not asked or required to sit in front of the Review Board for their injuries and/or for committing an unsafe practice. I believe the company is looking for ways to terminate my employment and is currently appealing my Workers' Compensation Claim for no valid reasons.

II. I believe I have been discriminated against because of my sex (female) and being retaliated against for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended, and because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

5-5-2019 Mary Alice Cheatam

Date Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

To: EEOC Investigator (Salazar, Samantha)
From: Mary Alice Cheatam

I, Mary Alice Cheatam believe the Lasalle Corrections Supervisors Warden Detrah Lacy, Captain Lisa Gobert, Lt. Gillespie, and Sgt. Robert Johnson has committed a federal offense by lying to workers Compensation Concerning My Slip, and fall on 4-14-2019 at 12:18 am There was no unsafe act on my part I did not place any water on the floor which I slipped, and fell in, The Warden (Detrah Lacy), and her Crew is covering up for Sgt. Robert Johnson, and the Booking officer (C. Jones) who's responsibility was to make Sure the entire Booking Area flooring was dry, or had a wet floor sign over any, and all spilled water. There was only two people in Booking when I Slipped, and fell, Robert Johnson who witnessed the fall, and the Booking Officer, C. Jones, who informed me although She did not see me fall, She did see Sgt. Robert Johnson mopping up something soon after I informed her I fell, The Warden at Lasalle Corrections in Beaumont Texas continue to retaliate against me for filing ~~Retaliation~~ the third party Sexual harrassement against four males at that unit, By Detrah Lacy, and her crew Reporting untrue Statements to workers compensation, this is causing me not to see a workers Compensation Doctor, and me not getting paid thru worker compensation while I am off from work tring to heal, Robert Johnson is one of the males I Reported for third Party Sexual Harrassement

Thank you
Mary Alice Cheatam
5-5-2019 (409) 5490761

Mary Alice Cheatam 1-29-23



**U.S. Equal Employment Opportunity Commission**
**Houston District Office**

Mickey Leland Building
1919 Smith Street, 7th Floor
Houston, TX 77002
(713) 651-4900
TTY (713) 651-4901
Fax: (713) 651-4902

Respondent: LASALLE CORRECTIONS
EEOC Charge No.: 846-2019-10056
FEPA Charge No.:

May 2, 2019

Mary A. Cheatam
1200 6th Street
Port Arthur, TX 77640

Dear Ms. Cheatam:

This is with reference to your recent written correspondence or intake questionnaire in which you alleged employment discrimination by the above-named respondent. The information provided indicates that the matter complained of is subject to the statute(s) checked off below:

[ X ] Title VII of the Civil Rights Act of 1964 (Title VII)

[ ] The Age Discrimination in Employment Act (ADEA)

[ X ] The Americans with Disabilities Act (ADA)

[ ] The Equal Pay Act (EPA)

[ ] The Genetic Information Nondiscrimination Act (GINA)

The attached EEOC Form 5, Charge of Discrimination, is a summary of your claims based on the information you provided. Because the document that you submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that you filed a charge. Before we investigate your charge, however, you must sign and return the enclosed Form.

To enable proper handling of this action by the Commission you should:

(1) Review the enclosed charge form. *Should you need to make any corrections, please call me immediately at (713) 651-4965.*

(2) Otherwise, please sign and date the charge in the bottom left hand block. For purposes of meeting the deadline for filing a charge, the date of your original signed document will be retained as the original filling date.

(3) Return the signed charge to this office, ***Attn.: Intake Unit***

Before we initiate an investigation, we must receive your signed Charge of Discrimination (EEOC Form 5). Please sign and return the charge within thirty (30) days from the date of this letter. Under EEOC procedures, if we do not hear from you within 30 days or receive your signed charge within 30 days, we are authorized to dismiss your charge and issue you a right to sue letter allowing you to pursue the matter in federal court. Please be aware that after we receive your signed Form 5, the EEOC will send a copy of the charge to Texas Workforce Commission Civil Rights Division 101 East 15th St Guadalupe-CRD Austin, TX 78778 as required by our procedures. If that agency processes the charge, it may require the charge to be signed before a notary public or an agency official. The agency will then investigate and resolve the charge under their statute.

Please use the "EEOC Charge No." listed at the top of this letter whenever you call us about this charge. Please also notify this office of any change in address or of any prolonged absence from home. Failure to cooperate in this matter may lead to dismissal of the charge.

Please also read the enclosed brochure, "What You Should Know Before You File A Charge With EEOC," for answers to frequently asked questions about employee rights and the EEOC process. If you have any questions, please call me at the number listed below. If you have to call long distance, please call collect.

Sincerely,

Samantha Salazar

Samantha Salazar
Investigator
(713) 651-4965

Office Hours: Monday – Friday, 8:00 a.m. - 4:30 p.m.
www.eeoc.gov

Enclosure(s)
Copy of EEOC Form 5, Charge of Discrimination

Michelle Villanueva
EEOC Investigator
Asked me to send
her everything I had
to prove my case
against La Salle
Corrections Beaumont
Texas.

To: Michelle Villanueva / EEOC

From: Mary Alice Cheatam

Charge Number 846-2019-10056

Documents You Requested

Please Read All, Very Important

Thank You

Mary alice Cheatam

1-28-2021

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
E PLURIBUS
UNUM

[show less]

* **Rodney Cooper** * I have never met this man, nor have I ever had a chance to discuss any of my issues with him.

Executive Director – Texas

Mr. Cooper joined LaSalle in 2009. He primarily focuses on facility operations and development, but also monitors general operations at all facilities.

Prior to joining LaSalle, Mr. Cooper spent almost 30 years with the Texas Department of Criminal Justice (TDCJ). He began his career with the TDCJ in 1978 as a correctional officer and advanced through the ranks to the position of Deputy Director for the Institution Division prior to his retirement. During the last three years as Deputy Director, he was responsible for oversight of approximately 152,000 offenders located throughout the State's 112 facilities.

Mr. Cooper served as president of the Texas Corrections Association in 2009 and is also a member of the American Corrections Association. He graduated from Sam Houston State University in 1984 with a B.S. in Criminology and Corrections.

[show less]

**Kevin Sumrall**

Director of Operations

Mr. Sumrall joined LaSalle in 2000. He primarily focuses on development. Prior to joining LaSalle, Mr. Sumrall was the Assistant Warden for Maximum Security at the Tallulah Correctional Center for Youth. He also served as the Chief Internal Affairs Investigator.

Mr. Sumrall began his law enforcement career in 1984 with the East Carroll Sheriff's Office (ECSO) and served nearly fifteen years in a variety of roles. His final position with the ECSO was as Chief Criminal Deputy and Parish Jail Warden. Mr. Sumrall studied criminal justice at Northeast Louisiana University in Monroe, LA and has attended numerous law enforcement continuing education programs at Louisiana State University (LSU).

[show less]

LaSalle Correction
Employee HanD Book
The Beaumont Unit
has violateD, The
Harassment, Bulling
Retaliation, write-up
& many more Policy
Rules when it comes
to me. MAC.

EEOC, Charge Number 846-2019-10056

LASALLE

CORRECTIONS

# LASALLE MANAGEMENT COMPANY

# EMPLOYEE HANDBOOK

Effective 9/1/17

Maryalice Cheatam 1-29-23

Welcome to LaSalle Management Company! We are delighted that you have chosen to join our organization and hope that you will enjoy a long and successful career with us. As you become familiar with our culture and mission, we hope you will take advantage of opportunities to enhance your career and further LaSalle Management Company's goals.

You are joining an organization that has a reputation for outstanding leadership, innovation, and expertise. Our employees use their creativity and talent to invent new solutions, meet new demands, and offer the most effective services/products in the industry. With your active involvement, creativity, and support, LaSalle Management Company will continue to achieve its goals. We sincerely hope you will take pride in being an important part of LaSalle Management Company's success.

Please take time to review and familiarize yourself with the policies contained within this handbook. Should you have any questions, please contact your supervisor or local Human Resources representative. The policies and procedures within this handbook are considered final governance unless covered under a collective bargaining agreement or other federal contract.

We look forward to your working with you!

1.Have you ever received training on;

* A. The agency's zero-tolerance policy on sexual abuse and sexual harassment/ not true

Answer: Yes

B. How do you fulfill your responsibilities regarding sexual abuse and sexual harassment prevention, detection, reporting, and response, in accordance with agency policies and procedures?

C. Inmates right to be free from sexual abuse and sexual harassment?

* D. Inmates' and employees' right to be free from retaliation for reporting sexual abuse and harassment? not true

E. The dynamics of sexual abuse and sexual harassment in confinement?

F. The common reactions of sexual abuse and sexual harassment?

G. How to detect and respond to signs of threatened and actual sexual abuse.

H. How to avoid inappropriate relationships with inmates?

I. How to communicate effectively and professionally with inmates, including lesbian, gay, bisexual, transgender, intersex, or gender non-conforming inmates(by transgender, "I mean people whose gender and/or gender expression dose not match the sex and/or gender they were assigned at birth; by "intersex, "I mean : an individual born with external genitalia, internal reproductive organs, chromosome patterns, and/or endocrine system that do not seem to fit typical definitions of male or female; by "gender non-conforming, " I mean individuals who express their gender in a manner that breaks societal norms for one's gender (e.g., someone who identifies as a girl/woman but wears clothing typically assigned to boys/men))?

* J. How to comply with relevant laws related to mandatory reporting of sexual abuse to outside authorities?

2.

a. Have you received training on how to conduct cross-gender pat-down searches and searches of transgender and intersex inmates in a professional and respectful manner, consistent with security needs?

Answer: Yes

b. when did you receive this training? This year

3. If female staff are not available to conduct a pat-down search of female inmates, dose the jail or prison restrict those inmates' access to programs or out-of-cell opportunities?

Answer: All programs such as church are held in the dayroom where they can attend regardless staffing.

4. Are you aware of the policy prohibiting staff from searching or physically examining a transgender or intersex inmate for the purpose of determining that inmates' genital status?

Answer: We have not had one; but if we did, we would not conduct a search to determine the genital status of the person.

Answer: We have not had one; but if we did, we would not conduct a search to determine the genital status of the person.

* 5. Does the agency require all staff to report any knowledge, suspicion, or information regarding an incident of sexual abuse or sexual harassment that occurred in a facility; retaliation against inmate or staff who reported such an incident; and any staff neglect or violation of responsibilities that may have contributed to an incident or retaliation? You get treated Poorly or fired if you Report Any type of Bad Behavior of any Kind at LaSalle Corrections Beaumont Tx

Yes, must report ASAP

* Per Warden Derrek Lacy & Supervisory Staff *

A. what is agency/facility policy or procedure for reporting any information related to an inmate sexual abuse? Answer: look @card

6. How can staff privately report sexual abuse and harassment of inmates?

One way is that they can use the posted phone numbers throughout the facility to make such reports.

7. How can inmates privately report sexual abuse or sexual harassment, retaliation by other inmates or staff for reporting sexual abuse or sexual harassment, or staff neglect or violation of responsibilities that may have contributed to an incident of sexual abuse or sexual harassment?

Confidential numbers are given to inmates during intake and are also posted throughout the facility on the PREA boards.

8. When an inmate alleges sexual abuse or sexual harassment, can he or she do so verbally, in writing, anonymously, and from third party?

Answer: yes

A. Do you document verbal reports?
   Answer: yes

   If yes how long, ordinarily, after an inmate make a verbal report do you document it?

   Answer: Immediately

9. Does the agency ever allow the use of inmate interpreters, inmate readers, or other types of inmate assistants to assist inmates with disabilities or inmates who are limited English proficient when making allegations of sexual abuse or sexual harassment?

Answer: Yes

a. If yes are the circumstances under which the above would be allowed limited at all?
   Answer: If we don't understand their language

b. To the best of your knowledge, have inmate interpreters, inmate readers, or other types of inmate assistants been used in relation to allegations of sexual abuse or sexual harassment?
   Answer: Not aware of any allegations.

* provide a work environment free of sexual and other harassment. Harassment by any LaSalle Management Company employee or management is absolutely prohibited. Further, any retaliation against an individual who has complained about sexual or other harassment or retaliation against individuals for cooperating with an investigation of a harassment complaint is similarly unlawful and will not be tolerated. LaSalle Management Company will take all steps necessary to prevent and eliminate unlawful harassment. Warden Derrah Lacy Did not provide me with a Harassment Free Environment, She told me this is Same Black People Shit

* **Definition of Unlawful Harassment.** "Unlawful harassment" is conduct that has the purpose or effect of creating an intimidating, hostile, or offensive work environment; has the purpose or effect of substantially and unreasonably interfering with an individual's work performance; or otherwise adversely affects an individual's employment opportunities because of the individual's membership in a protected class.

* Unlawful harassment includes, but is not limited to, epithets; slurs; jokes; pranks; innuendo; comments; written or graphic material; stereotyping; or other threatening, hostile, or intimidating acts based on race, color, ancestry, national origin, gender, sex, sexual orientation, marital status, religion, age, disability, veteran status, or other characteristic protected by state or federal law.

* **Definition of Sexual Harassment.** "Sexual harassment" is generally defined under both state and federal law as unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature where:

- Submission to or rejection of such conduct is made either explicitly or implicitly a term or condition of any individual's employment or as a basis for employment decisions; *or*
- Such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive work environment.

Other sexually oriented conduct, whether intended or not, that is unwelcome and has the effect of creating a work environment that is hostile, offensive, intimidating, or humiliating to workers may also constitute sexual harassment. Every Signal night I worked & Daytime when Warden Lacy was at work Bullied intimidation Etc, Captain Gobert Also Name Calling.

* While it is not possible to list all those additional circumstances that may constitute sexual harassment, the following are some examples of conduct that, if unwelcome, may constitute sexual harassment depending on the totality of the circumstances, including the severity of the conduct and its pervasiveness:

- * Unwanted sexual advances, whether they involve physical touching or not;
- * Sexual epithets, jokes, written or oral references to sexual conduct, gossip regarding one's sex life, comments about an individual's body, comments about an individual's sexual activity, deficiencies, or prowess;

- * Displaying sexually suggestive objects, pictures, or cartoons; D. Cole to Mrs Johns (Hot Dog Remark) + Parks (Sausage Remark)
- * Unwelcome leering, whistling, brushing up against the body, sexual gestures, or suggestive or insulting comments; Lt Gillespie to Mayfield + Cole moving Back + Forward in a sexual way,
- * Inquiries into one's sexual experiences; *and* Robert Johnson to John Cooper concerning John Coopers wife
- * Discussion of one's sexual activities.

* All employees should take special note that, as stated above, retaliation against an individual who has complained about sexual harassment and retaliation against individuals for cooperating with an investigation of sexual harassment complaint is unlawful and will not be tolerated at LaSalle Management Company.

* **Complaint Procedure.** Any employee who believes he or she has been subject to or witnessed illegal discrimination, including sexual or other forms of unlawful harassment, is requested and encouraged to make a complaint. You may, but are not required to, complain first to the person you feel is discriminating against or harassing you. You may complain directly to your immediate supervisor or department manager, the HR director, or any other member of management with whom you feel comfortable bringing such a complaint. Similarly, if you observe acts of discrimination toward or harassment of another employee, you are requested and encouraged to report this to one of the individuals listed above.

No reprisal, retaliation, or other adverse action will be taken against an employee for making a complaint or report of discrimination or harassment or for assisting in the investigation of any such complaint or report. Any suspected retaliation or intimidation should be reported immediately to one of the persons identified above.

All complaints will be investigated promptly and, to the extent possible, with regard for confidentiality. This did not work for me. I tried to report the Harassment, Hostile Work Environment etc. My complaint was ignored.

If the investigation confirms conduct contrary to this policy has occurred, LaSalle Management Company will take immediate, appropriate, corrective action, including discipline, up to and including immediate termination.

## * Conflicts of Interest and Confidentiality

### * Conflicts of Interest

* LaSalle Management Company expects all employees to conduct themselves and company business in a manner that reflects the highest standards of ethical conduct, and in accordance with all federal, state, and local laws and regulations. This includes avoiding real and potential conflicts of interests.

# * Equal Opportunity and Commitment to Diversity

## Equal Opportunity

LaSalle Management Company provides equal employment opportunities to all employees and applicants for employment without regard to race, color, ancestry, national origin, gender, sexual orientation, marital status, religion, age, disability, gender identity, results of genetic testing, or service in the military.

Equal employment opportunity applies to all terms and conditions of employment, including hiring, placement, promotion, termination, layoff, recall, transfer, leave of absence, compensation, and training.

* LaSalle Management Company expressly prohibits any form of unlawful employee harassment or discrimination based on any of the characteristics mentioned above. Improper interference with the ability of other employees to perform their expected job duties is absolutely not tolerated. NOT TRUE

## * Americans with Disabilities Act (ADA) and Reasonable Accommodation

To ensure equal employment opportunities to qualified individuals with a disability, LaSalle Management Company will make reasonable accommodations for the known disability of an otherwise qualified individual, unless undue hardship on the operation of the business would result. I was not offered a position at my 12 week after my Injury at LaSalle Correction Beaumont Tx, I was fired. Employees who may require a reasonable accommodation should contact the Human Resources Department.

## Commitment to Diversity

LaSalle Management Company is committed to creating and maintaining a workplace in which all employees have an opportunity to participate and contribute to the success of the business and are valued for their skills, experience, and unique perspectives. This commitment is embodied in company policy and the way we do business at LaSalle Management Company and is an important principle of sound business management.

## * Harassment and Complaint Procedure This is ignored by LaSalle Corrections Beaumont Tx. Warden D. Lacy & her Supervisors (some of them) & also Jody Tillman HR Director / Chris Bell Field Warden.

Sexual and other unlawful harassment is a violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, as well as many state laws. Harassment based on a characteristic protected by law, such as race, color, ancestry, national origin, gender, sex, sexual orientation, gender identity, marital status, religion, age, disability, veteran status, or other characteristic protected by state or federal law, is prohibited. It is LaSalle Management Company's policy to

# TABLE OF CONTENTS

**Employment at Will**

**Equal Opportunity and Commitment to Diversity**

    Equal Opportunity

    Americans with Disabilities Act (ADA) and Reasonable Accommodation

    Commitment to Diversity

    Harassment and Complaint Procedure

**Conflicts of Interest and Confidentiality**

    Conflicts of Interest

    Confidential Information

**Employment Relationship**

    Employment Classification

    Background and Reference Checks

    Internal Transfers/Promotions

    Work Week and Payroll Schedule

    Meal and Rest Breaks

    Time Records

    Overtime

    Deductions from Pay/Safe Harbor

    Paychecks

    Access to Personnel Files

    Employment of Relatives and Domestic Partners

**Leaving LaSalle**

    Separation from Employment

    Returning Company Property

    Health & Other Benefits (COBRA)

    Rehire Eligibility

**Workplace Safety**

    Commitment to Safety

    Drug-Free Workplace

    Work Rules

employee's address on file. Employees will be required to pay their portion of their health and dental premiums through the end of the month that they resign or terminate.

**Rehire Eligibility & Process**

Former employees who left LaSalle Management Company in good standing and were classified as eligible for rehire may be considered for reemployment. An application must be submitted to the Human Resource department, and the applicant must meet all minimum qualifications and requirements of the position, including any qualifying exam, when required.

Supervisors must obtain approval from the Director of Human Resources or designee prior to rehiring a former employee. Rehired employees begin benefits just as any other new employee. Previous tenure will not be considered in calculating longevity, leave accruals or any other benefits.

An applicant who was previously terminated for violating policy or who resigned in lieu of termination from employment due to a policy violation will be ineligible for rehire, unless otherwise investigated and approved by the Director of Human Resources and Executive Director.

## * Workplace Safety

### *Our Commitment to Safety

Not true (left water on floor in the Book In Area causing me to slip & fall. Also Robert Johnson ignored coming to help me when I called him for assistance while dealing with male offenders)

Protecting the safety of our employees and visitors is the most important aspect of running our business.

All employees have the opportunity and responsibility to contribute to a safe work environment by using commonsense rules and safe practices and by notifying management when any health or safety issues are present. All employees are encouraged to partner with management to ensure maximum safety for all.

In the event of an emergency, notify the appropriate emergency personnel by dialing 911. In some facilities, employees may have to dial 9 for an outside line.

For non-emergency related safety issues, please notify your immediate supervisor and/or local Human Resources Manager.

my slip & fall incident which took place on 4-14-19 was a unsafe act due to the fact Sgt. Robert Johnson and the Book In officer fail to take action by not mopping the puddle of water I slipped & fall on/in in the Book In Area. MAC.

Warden Lacy Captain Gobert Lt. A. Gillespie Sgt Robert Johnson

* **Workplace Bullying**

LaSalle Management Company defines bullying as "repeated inappropriate behavior, either direct or indirect, whether verbal, physical or otherwise, conducted by one or more persons against another or others, at the place of work and/or in the course of employment." Such behavior violates the company Code of Ethics, which clearly states that all employees will be treated with dignity and respect.

The purpose of this policy is to communicate to all employees, including supervisors, managers and executives, that the company will not tolerate bullying behavior. Employees found in violation of this policy will be disciplined up to and including termination.

Bullying may be intentional or unintentional. However, it must be noted that where an allegation of bullying is made, the intention of the alleged bully is irrelevant and will not be given consideration when meting out discipline. As in sexual harassment, it is the effect of the behavior upon the individual that is important. LaSalle Management Company considers the following types of behavior examples of bullying:

- * **Verbal bullying:** Slandering, ridiculing or maligning a person or his/her family; persistent name calling that is hurtful, insulting or humiliating; using a person as the butt of jokes; abusive and offensive remarks. Warden Derrick Lacy / Captain Lisa Gobert continuously.
- **Physical bullying:** Pushing, shoving, kicking, poking, tripping, assault or threat of physical assault; damage to a person's work area or property.
- **Exclusion:** Socially or physically excluding or disregarding a person in work-related activities.

## Workplace Violence Prevention

LaSalle Management Company is committed to providing a safe, violence-free workplace for our employees. Due to this commitment, we discourage employees from engaging in any physical confrontation with a violent or potentially violent individual or from behaving in a threatening or violent manner. Threats, threatening language, or any other acts of aggression or violence made toward or by any employee will not be tolerated. A threat may include any verbal or physical harassment or abuse, attempts to intimidate others, menacing gestures, stalking, or any other hostile, aggressive, and/or destructive actions taken for the purposes of intimidation. This policy covers any violent or potentially violent behavior that occurs in the workplace or at company-sponsored functions.

the facts of each situation and the nature of the offense. The level of disciplinary intervention may also vary, some factors that will be considered are whether the offense is repeated despite coaching, counseling and/or training; the employee's work record; and the impact the conduct and performance issues have on our organization.

Outlined below are the steps of our progressive discipline policy and procedure.  All documented and issued discipline is maintained in the employee's personnel file.

**The following outlines LaSalle Management Company's progressive discipline process:**

- **Verbal Warning:** A supervisor verbally counsels an employee about an issue of concern, and file written record of the discussion.
- **Written Warning:** Written warnings are administered for behavior or violations that a supervisor considers serious or in situations when a verbal warning has not helped change unacceptable behavior.
- **Final Warning:**  Final warnings are administered for behavior or violations that would be considered severe or in situations when previous warnings have not resulted in positive sustained performance.   Final warnings are also subject to the combination of a warning and performance improvement plan (PIP).
- **Performance Improvement Plan:** Whenever an employee has been involved in a disciplinary situation that has not been readily resolved or when he/she has demonstrated an inability to perform assigned work responsibilities efficiently, the employee may be given a final warning and placed on a performance improvement plan (PIP). PIP status will last for a predetermined amount of time not to exceed 90 days. Within this time period, the employee must demonstrate a willingness and ability to meet and maintain the conduct and/or work requirements as specified by the supervisor and the organization. At the end of the performance improvement period, the performance improvement plan may be closed or, if established goals are not met, termination may occur.
- **Termination of Employment**

# Time Away from Work and Leaves of Absence
## Holidays

LaSalle Management Company observes and allows time off with pay for designated holidays each year.  Days of observation and scheduling are declared by each department and holiday schedules are issued prior to January 1st each year.  The company reserves the right to alter the holiday calendar based upon the needs of the business and will notify employees accordingly.

accessed without further notice by Information Technology department administrators and company management to ensure compliance with this guideline.

The electronic communication systems are not secure and may allow inadvertent disclosure, accidental transmission to third parties, etc. Sensitive information should not be sent via unsecured electronic means.

It is also against company policy to turn off any antivirus or other protection software. Additionally, employees are not authorized to make changes to system configurations installed on company computers. Violations of this policy may result in disciplinary action up to and including termination of employment.

Office telephones are for business purposes. While the company recognizes that some personal calls are necessary, these should be kept as brief as possible and to a minimum. Personal use of the company's cell phones, long-distance account, or toll-free numbers is strictly prohibited. Abuse of these privileges is subject to corrective action up to and including termination.

The company reserves the right to monitor customer calls to ensure employees abide by company quality guidelines and provide appropriate levels of customer service. Employees working in sales and customer service will be subject to telephone monitoring. Should an employee need to make or receive an emergency personal call during work hours, the employee need should gain approval from their direct supervisor.  Should the subject matter of the conversation become personal while monitoring is taking place, monitoring of the call will immediately be discontinued.

Each correctional facility will provide a designated telephone for employee use in cases of emergency personal calls.  Approval from the Warden is required for all incoming and outgoing use of the telephone during work hours.

## Progressive Discipline

LaSalle Management Company supports the use of progressive discipline to address issues related to, but not limited to work performance, behavior, or misconduct. Our progressive discipline policy is designed to provide a corrective action process to improve and prevent a recurrence of undesirable behavior and/or performance issues in following LaSalle Management Company's General Rules of Conduct. Our progressive discipline policy has been designed consistent with our organizational values, HR best practices and employment laws.

LaSalle Management Company reserves the rights to determine the appropriate level of discipline for any inappropriate conduct, including: verbal and written warnings, suspension without pay and/or reduction in pay, demotion, and discharge.   Furthermore, LaSalle Management Company reserves the right to combine or skip steps in this process depending on

more La Salle
Corrections Policies
That the Beaumont
unit ignored when
it came to me.

Mary alice Chearam
1-29-23

| LASALLE CORRECTIONS | Policy Number: | 11.3 |
|---|---|---|
| | Policy Name: | Employee Grievance Procedures |
| | Effective Date: | September 11, 2017 |

**REFERENCE:**

LaSalle Management Company Leadership

**POLICY:**

* The policy of LaSalle Corrections is that all employees shall be treated fairly and equitably. Employees who feel they have not received fair treatment may present their grievance to appropriate management personnel for prompt consideration. DID NOT Happen

* Employees or employees' witnesses shall not be subjected to harassment, retaliation, intimidation or coercion for pursuing a complaint or acting as a witness through these procedures.

These guidelines do not constitute an employment contract or a guarantee of continued employment. LaSalle Corrections reserves the right to change the provisions of these guidelines at any time.

These guidelines and procedures are adopted to guide the internal operations of LaSalle Corrections and do not create any legally enforceable interest or limit the Warden's or designee's authority to terminate any employee at will.

**PURPOSE:**

Employees shall have access to a formal grievance procedure to provide them with a fair and objective process for mediating issues, which cannot, or have not, been addressed informally.

Routine daily discussions between employees and supervisors regarding working conditions and related employment matters are the most constructive and expeditious means of developing and enhancing favorable and effective work relationships. When a matter cannot be resolved to the satisfaction of the employee, they may seek resolution by filing a grievance.

**SCOPE:**

This policy applies to all LaSalle Management Company Employees

**DEFINITIONS:**

1. Corporation: LaSalle Corrections, LLC
2. Days: Work days (Monday through Friday, excluding national holidays.)
3. Regional Warden/ Operations Director/Appropriate Director or Designee: Final responding authority for LaSalle Corrections.
4. Employee: Any person employed by LaSalle Corrections on a regular, non-contract basis.
5. * Grievance: A complaint from an employee concerning their employment, wages, hours or other work-related conditions.
6. * Grievant: Any employee who pursues a grievance under the procedures set out in these procedures.

Mary Alice Okeafor 1-29-23

never Happened

* 7. Grievance Meeting: A meeting between a grievant and a LaSalle Corrections official to discuss the grievant's complaint. Such meetings will be conducted within the time frames established by these procedures and at a date and time that would afford all parties a reasonable opportunity to be present.
8. Submission Date: Date grievance is submitted to the office of the appropriate official or postmarked by the United States Post Office to the address of the appropriate official/employee.
9. Support Documentation: All written material submitted to and used by the Responding Authorities in arriving at their findings.
10. Witness: A person who has evidence pertinent to the grievance and who is willing to submit a written statement during the grievance procedure.

**PROCEDURES:**

**A. Discussion:**

1. Employees may file a grievance on any matter of concern or dissatisfaction related to their employment, wages, hours, or other work-related conditions.
2. The filing of a grievance by an employee will not be construed as reflecting unfavorably on an employee's good standing, performance, or loyalty and desirability to LaSalle Corrections. Similarly, the occurrence of occasional grievance will not be construed as reflecting unfavorably on the quality of supervision or on the general management of LaSalle Corrections.
3. These procedures apply to all regular, non-contract employees of LaSalle Corrections
4. The application of these procedures shall assure a fair opportunity for presenting and resolving the complaints and grievances of employees. If an employee grievance cannot be resolved, the employee may consider other courses of action In the matter.

**B. Grievable/ Non Grievable Issues**

1. **Grievable Issues** – Employee complaints or disputes that may be grieved are as follows:

    a) Application of policies, procedures, rules, regulations, ordinances, contract provisions and/or statutes;

    b) Disciplinary actions which are documented in an employee's personnel file;

    c) Acts of reprisal that result from the use of the grievance procedures; and

    d) Complaints of discrimination on the basis of race, color, creed, age, handicap, national origin and/or gender. A discrimination grievance must be based on factual information NOT perceptions or hearsay. Employees who feel they have been discriminated against must provide specific information such as person, date, time, documentation and possible witnesses to the discrimination to assist management in resolving the grievance.

2. **Non-Grievable Issues** – Management reserves the right to manage the affairs and operations of the company. Accordingly, the following complaints or disputes are not Grievable under the grievance policy unless it can be demonstrated that the action was based on discrimination:

    a) Content of policies, procedures, rules, regulations, ordinances and/or status;
    b) Requirements of grievance against or decisions made by the contracting agency or controlling jurisdiction;

    c) Termination, lay-off, demotion or suspension from duties due to lack of work, reduction in the workforce, job abolition and/or contract cancellation;

    d) Hiring, transfer, assignment, shift changes and retention of employees within the company provided such activities do not constitute disciplinary actions;

e) Methods, means and personnel by which work activities are to be carried out;

f) Performance ratings;

g) Employee benefits, rates of pay and/or position classification;

h) Non selection for promotion when the sole basis for the complaint is that the grievant was better qualified than the individual selected;

i) Complaints filed by a group rather than an individual;

j) Requirements for employees to perform other than normal duties during emergencies; and

k) Suspension from duties of company employees in emergencies or investigations.

**C. General Provisions**

Grievances submitted that are not in compliance with the procedures set out in these procedures will not be accepted.

1. All grievances must be submitted on the Employee Grievance Form.

2. Employees must submit the original completed and signed Employee Grievance Form within 10 days of the occurrence giving rise to the grievance or within 10 days of first learning of the occurrence, if it was not reasonable for the employee to have had knowledge of the occurrence sooner. Grievances over continuing conditions may be submitted at any time.

3. If an employee anticipates relying on the testimony of witnesses to support their grievance, the names of the witnesses should be listed and a brief summary of each witness's testimony should be attached to the Employee Grievance Form at the time the grievance is initially filed.

4. Elements of a Grievance: A grievance must contain the following:

   a) The specific complaint regarding the employment related matters in the workplace;

   b) How the actions complained about adversely affected the grievant's employment or working conditions; and

   c) The specific relief that is requested.

5. Time Limits:

   a) Except for the initial grievance submission, all time limits set forth in these procedures may be extended by mutual consent.

   b) All requests for time limit extensions must be submitted in writing.

   c) Management's failure to comply with established time limits for grievance responses (or extension dates) may be grounds for granting of the grievant's relief by authorities at a higher level.

d) The grievance will be considered closed if the initial decision is not appealed within the given time limit or mutually agreed extension thereof.

6. Witnesses:

a) LaSalle Corrections employees are encouraged to serve as witnesses and provide statements for the grievant and management when requested to do so by the appropriate authority. Service as a witness will be considered official business, for which the employee will be released by the supervisor on paid time during working hours. Employees who are witnesses in a grievance hearing shall provide their supervisor sufficient advance notice to provide adequate staffing.

b) No act of reprisal shall be taken against any employee who testifies in a grievance meeting.

7. The grievance procedure is not the proper forum to ask that another employee be disciplined. Including a request for such discipline in a grievance is grounds for the grievance to be rejected.

**D. Compensation/Reimbursement:**

1. Appearance as a grievant or witness at a grievance meeting will be considered official business for employees and such appearance will be on paid time.

2. A grievant that has separated employment from LaSalle Corrections prior to the time of the grievance proceeding will not be paid for their time or expenses in connection with the proceedings unless they are reinstated as a LaSalle Corrections employee as a result of the grievance.

3. LaSalle Corrections will not pay for the time or travel of witnesses who are not LaSalle Corrections employees at the time of the grievance proceedings.

4. Recording of Grievance Meetings: The steps of the grievance procedures are intended to be a problem-solving process for addressing grievances. The use of recorders (or reporters) at a grievance meeting at any step creates a formal and adverse atmosphere that is in direct conflict with the purpose of the problem-solving approach. Therefore, audio taping, videotaping, or written recording of a grievance meeting is not permitted. As a reasonable accommodation for their physical disability, a hearing-impaired employee involved in the grievance process may use a qualified interpreter or a recording device.

* **E. Grievance Steps:** Never was there a response to any of my Grievances

There are two steps in the grievance process; however, both steps may not be available in all cases. The Employee Grievance Form is to be used by the employee and management respondents in all grievance procedures.

If at any step the employee requests the return of a grievance, either verbally or in writing, before a response at that step is rendered, the grievance procedure will be considered closed with no action taken.

An employee may not circumvent these procedures by forwarding a complaint to the next step until it has been addressed at the previous step.

An employee on new hire probation may not grieve a dismissal.

Never Happened →

*1. Step One: Warden/Regional Warden/Appropriate Director or Designee

* a) Employees shall submit their grievance to the appropriate LaSalle Corrections official identified above, unless the grievance relates to LaSalle Corrections policy. In such a case, the employees may file the grievance directly with the corporate office.

b) Upon receipt of a grievance, the LaSalle Corrections official shall notify the facility or corporate office where the employee is assigned that a grievance has been received. The Human Resource Office or designee will assign a tracking number to the grievance and advise the recipient of this number to be affixed to the Employee Grievance Form. The grievance number will be formatted with the Facility Code-Year-Month-the number of employee grievances received in the same month. (Ex- BOW-2017-06-01). If the issues raised are outside the Warden's authority and responsibility, or if the grievance is against the Warden or his/her decision in a formal disciplinary hearing, the grievance shall be forwarded to the Regional Warden or designee for response.

c) After reviewing the grievance, the responding authority may conclude that a grievance meeting would expedite the resolution of the grievance. The responding authority may schedule a grievance meeting with the grievant. If the responding authority schedules a grievance meeting, the responding authority shall notify the grievant of the date, time, location and manner (telephonically or in person) in which the grievance meeting shall be conducted and who may attend. The grievance meeting shall be scheduled within a reasonable time and written response submitted within ten (10) days of the conclusion of the grievance meeting. Nothing in this procedure shall be construed as to require a grievance meeting at Step One. If a meeting is scheduled and the grievant fails to appear, the grievance will be closed with no action taken. If no grievance meeting is held, the responding authority shall respond to the grievant in writing within ten (10) days of receiving the grievance.

d) If the grievance cannot be responded to within the required time limits, a Time Limit Extension Agreement shall be mailed to the grievant, via certified mail, at the address listed on the Employee Grievance Form. The employee shall return the Time Limit Agreement to the responding authority.

e) The original Employee Grievance Form with a Step One response shall be mailed, via certified mail, to the grievant at the address listed on the Employee Grievance Form. The Step One response shall list the name and address of the LaSalle Corrections official to whom the grievance should be submitted if the grievant is not satisfied with the response. A complete copy of all documentation shall be kept in a separate Employee Grievance file by the Human resource office where the Employee File is kept.

f) The grievant may reject the Step One Response by submitting the Step Two Grievance form to the designated LaSalle Corrections official indicated in the Step One Response. All documentation originally reviewed at Step One, along with the Step Two Grievance form, must be submitted within ten (10) days after receiving the Step One response. If the grievant does not reject the Step One response or fails to submit within the established time limit, the grievance response will be

considered to have been accepted by the grievant and the grievance shall be closed with no additional action taken.

*2. Step Two: Regional Warden/Appropriate Director or Designee Never got pass Step one

a) Upon receipt of a Step Two Grievance appeal, and after reviewing the grievance, the responding authority may conclude that a grievance meeting would expedite the resolution of the grievance. The responding authority may schedule a grievance meeting with the grievant. If the responding authority schedules a grievance meeting, the responding authority shall notify the grievant of the date, time, location and manner (telephonically or in person) in which the grievance meeting will be conducted and who may attend. The grievance meeting shall be scheduled within a reasonable time and written response submitted within ten (10) days of the conclusion of the grievance meeting. Nothing in this procedure shall be construed as to require a grievance meeting at Step Two. If a meeting is scheduled and the grievant fails to appear, the grievance will be closed with no action taken. If no grievance meeting is held, the responding authority shall respond to the grievant in writing within ten (10) days of receiving the grievance.

b) If the grievance cannot be responded to within the required time limits, a Time Limit Extension Agreement shall be mailed to the grievant, via certified mail, at the address listed on the Employee Grievance Form. The employee shall return the time Limit Extension Agreement to the responding authority.

c) The responding authority shall respond within ten (10) days after the grievance meeting. The original Employee Grievance Form with the Step Two response shall be mailed, via certified mail, to the grievant at the address listed on the Employee Grievance Form. The decision of the responding authority at Step Two is final, and the grievance procedure in complete.

d) When an employee is separated from employment, either voluntarily or involuntarily, any grievance filed by the employee that is in progress at the time of separation will continue to be processed, if the requested relief can be granted. If the requested relief cannot be granted, the grievance will be closed with no action taken.

**F. Limitations of Management Decisions at Step One by Facility Management:**

Management's responsibility in a grievance hearing is to uphold policies, procedures, rules and/o regulations of the corporation and the facility at which the grievant is employed. The decision of management will not exceed the following limitations:

a) Management at levels below that of the regional Warden or corporate office will not formulate or change corporate policies, procedures, rules or regulations;

b) Matters designated as non-grievable will not be considered;

c) Management decisions will be consistent with corporate policies and procedures, and with requirements of the contracting agency or controlling jurisdiction;

d) Management decisions may uphold, reverse or modify that action grieved. In cases where management determines that reinstatement with back pay and restoration of benefits is warranted, that decision should first be discussed with the Regional Warden prior to granting, the decision will not include award of damages or attorney's fees or any other cost or awards;

e) Management's responsibility is to inform employees of the existence of the Grievance Procedure, the right to use it and the availability of the regional or corporate office to answer questions about the grievance policy and procedures.

**G. Retention of Grievances:**

A copy of the completed Step One or Step Two grievance along with all documentation shall be kept in an employee grievance file at the same location of the employee personal file. This file will be maintained within the same time limits as the employee personal file in accordance to records retention policy.

**REVIEW:**

The Director of Operations will review this policy on an annual basis.

**ATTACHMENTS:**
**Step One Grievance Form**
**Step Two Grievance Form**

**POLICY APPROVAL:**

| Name: | Title: | Date: | Signature: |
|---|---|---|---|
| Jay Eason | Director of Operations | 11 September 2017 | On File |

LaSalle Corrections
Policy on Sexual
Harassment, which
Beaumont Unit
ignored when it
came to me.
Mary alice Clear
1-29-23

EEOC Charge Number 846-2019-10056

# LaSalle Corrections

Search Site... GO

- Home
- About Us
- Solutions
- Locations
- Operations
- Inmate Programs
- News
- Contact
- ESS

Please Read there Policy on Sexual Harassment for Offenders or Officers (It's NOT TRUE)

## * The Prison Rape Elimination Act (PREA)

* LaSalle Corrections has established a zero tolerance policy towards all forms of Sexual Abuse and Sexual Harassment in all its facilities. When a LaSalle operational subsidiary, business or program falls within the scope of the Prison Rape Elimination (PREA) and the DOJ National Standards To Prevent, Detect, and Respond To Prison Rape (Final Rule, dated, June 2012) or Subpart A of the Department of Homeland Security Standards to Prevent, Detect and Respond to Sexual Abuse and Assault in Confinement Facilities (79 Fed. Reg. 13100 dated March 7, 2014), LaSalle will comply with these regulations as required.

It is the responsibility of every LaSalle employee to immediately report any information passed through them by an inmate, staff, third party, or anonymously regarding sexual abuse and assault whether the allegation is against staff, another inmate, a volunteer, contractor, etc. This will include any verbal or written reports of retaliation by other inmates or staff for reporting sexual abuse and sexual harassment, as well as staff neglect or violation of responsibilities that may have contributed to such incidents. LaSalle staff will promptly document any verbal reports of sexual harassment, touching, or other sexual act, even if the allegation may have occurred at another facility. Aside from reporting this information to a designated supervisor or official, LaSalle staff does not share information related to a sexual abuse report other than to the extent necessary, as specified in agency policy, for treatment, investigation or security and management positions.

* **Reporting Allegations of Sexual Harassment** Reporting Sexual Harassment DID NOT help me at LaSalle Corrections Beaumont TX nor Did it help me when I reported it to Head Quarters Louisiana

To make an allegation of inmate-on-inmate or staff-on-inmate sexual abuse or sexual harassment, please contact the LaSalle Corrections Prison Rape Elimination Act (PREA) coordinator or assistant PREA coordinator via email. LaSalle will ensure an administrative investigation for all allegations of sexual harassment will be addressed immediately upon notification. Sexual assault or abuse of inmates/detainees by other inmates/detainees or by employees, contractors, or volunteers is prohibited and subject to criminal sanctions.

**Reporting Allegations of Sexual Abuse**

Anyone can report an allegation or suspected incident of sexual abuse or sexual harassment; including inmates, staff, or third parties. This can include allegations that may have occurred at another correctional facility. At all LaSalle facilities, there are multiple options to file a report; including, but not limited to:

Contact the National Sexual Assault Hotline at 1-800-656-4673.

Send a letter to the Warden of the facility, report to any staff member either verbally or in writing or they may call the PREA hotline numbers or LaSalle PREA contacts:

* Mr. Chris Bell or Mr. Brian Rodeen

Questions or inquiries can be forwarded to the Warden or the below contact. LaSalle PREA Coordinator contact:
Mr. Chris Bell or Mr. Brian Rodeen:

Mary alice Cheeam 1-29-23

EEOC Charge Number 846-2019-10056

* I tRied All of these moves to Help my Situation, But it Did not Help Sexual Harassment in the WORK Place

* Pull the person who is Doin the Sexual Harassment aside in private and informed them you wish for them to stop their behavior (I Did that) I told this to Sgt Robert Johnson & Reported this to Warden Detrah Lacy.

* This may help the situation ?? (It did not in my case it got worse, plus became an even more hostile working environment, the Sheriff Department was even called on me 3-17-19) By Robert Johnson

* Report Sexual Harassment to H.R. (I Did, I was also promised I would not be retailiated again (Jody Tillman who is Supervisor over H.R at Head Quarters in Louisiana LaSalle Corrections, She did not tell me the truth, She told me Don't worry about whats going on Just worry about doing my job, which I have always did my Job to the best of my ability.

* Get along with your co-workers (I Did) I just couldn't Deal with the sexual behavior

* Let the proffesionals do the investigation, (No one cared to do any investigation in my case, Jody Tillman (Director of HR. Louisiana Head Quarters turned against me, I don't know what Detrah Lacy told her about me, but it worked. M.A.C. [signature] 1-29-23

EEOC Charge Number 846-2019-10056

* LaSalle Corrections & The Harassement *

* Anixatey / Hostile Working Environment
* Having to go to work & knowing you have to listen to Dirty talk
* Be told if you don't like whats happening leave quite
* Not coming to a scene when I needed help 3-17-19
* have the Sheriff Dept. called on me for no reason Robert Johnson 3-17-21 after inmates cursed him out (Patterson, Gary)
* LaSalle Corrections Warden allowed all of this and even participating in Humiliating me verbally (no one likes you no one wants to work with you you have single handly torn my unit apart
* All lies * She was go to get my pocket tablet supeona by the courts, even when I offered her to read everything in my tablet, and ask her was it illegal for me to have it at work, which I was always told by TDCJ its a good thing to have a record of your activities while at work. (also other people Had tablets large & small yet they according to them all was lies. harassed for having the tablets, Morris large tablet, Howard & Jackson Both Had Small tablets (I personally asked each one of them was they ever told anything about having a tablet & they said NO

= Mary alice Chevron

Mary alice Chevron 1-29-23

Some of the people, and Organizations I have Reported the Sexual Harassment, Retaliation, Hostile working environment to while I was employed at LaSalle Corrections. Beaumont Texas

Mary Alice Cheatam
Charge Number 846-2019-10056

To: EEOC
Fom: Mary Alice Cheatam

I have reported All of these Actions against me to
Jody Tillman, Director of Human Resources,
192 Bastille Lane
Ruston Louisiana
71270 1-318-232 1500
Detrah Lacey, Warden at LaSalle Corrections Beaumont Tx.
Secure line 1-888 324 4245
Hotline Service
P.O. BOX 20071
Hot Springs AR 71903
tip@securelinkllc.com
Christy Stephens CPA, CFE
President

American Alliance Audition LLC
Marc Courdier, Owner / Auditor
5630 Pardue Drive, Midlothian Texas
76065

1-910-750 9005

Warden Wilson / one of LaSalle's Corrections Wardens from another unit who came to LaSalle Corrections in Beaumont Texas on 3-11-2019 to talk to me, Terry Gibson, and three of the four men I reported the 3rd party sexual harassment against. J. Cooper & D. Cole, and Sgt. Robert Johnson, I believe Warden Wilson talked to Officer Cheryl Jones on this night, Nothing changed for the better after this interview All 4 men continued to talk Dirty & Nasty, Inc,

Mary Alice Cheatam 1-29-23

*Charge number 846-2019-10056
Reported false Disciplinaries of Sexual Harassment to LaSalle Management → Jody Tillman H.R.

MONTHLY HUMAN RESOURCES UPDATES

JEFFERSON COUNTY CORRECTIONAL FACILITY

MARCH 2018

# LASALLE MANAGEMENT • HUMAN RESOURCES

## Included in this Newsletter

- **Did You Know?** Our medical insurance partner, UMR, provides various online services for participants and their families, including Teledoc, Health Education Library, Find a Provider, and the monthly Healthy You Magazine. Log on to www.umr.com to learn more.
- **The Contractor's Plan** provides access to your 401A account. Check in quarterly to review any potential deposits you may have received. To review your account, please login at www.contractorsplan.com. For account registration questions, you may contact them at 800-933-3863. For all other Health and Welfare questions, please contact the Onsi Group directly at 210-547-3672, ext 2 or 3.

# got wrote up for a picture * Contraband HCA nothing to do with it? Then C-call for wrong up for same picture water Bag/Stick

**Did you Know?**

- The human brain is full of surprises. It can store 5 times as much information as Wikipedia. It also uses the same amount of power as a 10-watt light bulb. So, there's your bright idea!
- The heat our body releases in 30 minutes can boil 1.5 liters of water.Humans can survive for a longer period without food or drink. However, man can survive only eleven days without sleeping. So, rest up!

Gilespie Stated to Johnson their lives is in your hands 11-29-18 / Town our meeting
Lacy tells Gib. 12-3-18 She can fire no (...) she still i.. it / she has the Green light.

**Corporate Human Resources Contact Information**

Randi Clifton, Director of HR
rclifton@lasallecorrections.com

Frances Tiley, Benefits Specialist
ftiley@lasallecorrections.com

Heather Grigsby, HR Coordinator
heather.grigsby@lasallecorrections.com

| | |
|---|---|
| Phone | 318-232-1500 |
| Address | 192 Bastille Lane, Suite 200 Ruston, LA 71270 |

LaSalle is committed to providing a safe and productive environment for all employees, vendors and visitors. Report any unethical activities including fraud, law and safety violations, employee substance abuse, harassment, and discrimination anonymously to SecureLine at 888-324-4245 (24 hours a day, 7 days a week).

**Need help logging into ESS?** Please contact your local Human Resources team for enrollment guides or additional assistance.

The mission of the LaSalle Management Company Human Resources team is to provide the very best service to both our business and our employees.

Mary Alice Cheatham
1-27-2021

La Salle Corrections
Recieved my complaints
and Grievances they
chose to Ignore them
Someone Did Sign for
The Grievance through
the mail,

Charge number 846-2019-10056

This is proof I certified All my Grievance complaint to Head Quarters Jody Tillman Director of HR & never got a La Salle Corrections response. MC

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Attn: Jody Tillman
H.R. (Grievance)
192 Bastille LN.
Suite 200
Ruston LA 71270

9590 9402 4002 8079 0173 98

2. Article Number: 7018 0680 0001 5151 2276

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name): Misty Farley
C. Date of Delivery: 3/22/19 *

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
Restricted Delivery
...ted Delivery
(over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

Someone from Head Quarters Had to Sign for each letter * MC

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Jody Tillman
H.R. Dept
192 Bastille Lane
Suite 200
Ruston LA 71270

9590 9402 3996 8079 2553 11

2. Article Number (Transfer from service label): 7018 0680 0001 5151 0326

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name): Misty Farley
C. Date of Delivery: 3/20/19 *

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

Auditor I Complaint to 1-910-750-9005 → American Alliance Auditing LLC

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Marc Coudriet
5630 Paradise Drive
Midlothian Texas 76065

9590 9402 3996 8079 2553 04

2. Article Number: 7018 0680 0001 5151 0333

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☒ Agent ☐ Addressee

B. Received by (Printed Name)
C. Date of Delivery: 3-26 *

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...tricted Delivery
(over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

*Mary alice Clear... *
1-29-23

Charge number 846-2019-10056

**U.S. Postal Service™ CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

RUSTON, LA 71270

OFFICIAL USE

Certified Mail Fee $3.50

Extra Services & Fees (check box, add fee as appropriate)
- ☐ Return Receipt (hardcopy) $2.80
- ☐ Return Receipt (electronic) $0.00
- ☐ Certified Mail Restricted Delivery $0.00
- ☐ Adult Signature Required $0.00
- ☐ Adult Signature Restricted Delivery $

Postage $1.00

Total Postage and Fees $7.30

Sent To: Attn: Human Resource

Street and Apt. No., or PO Box No.: 192 Bastille LN. Suite 200

City, State, ZIP+4®: Ruston LA 71270

Postmark Here: PORT ARTHUR TEXAS FEB 21 2019 USPS CLERK 05 — 02/21/2019

Grievance Sgt. R. Johnson Lasalle Corrections

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7018 0680 0001 5150 9177

(Estimated Delivery Date)
(Saturday 02/23/2019)

| | | |
|---|---|---|
| Certified | 1 | $3.50 |
| (@@USPS Certified Mail #) (70180680000151509177) | | |
| Return Receipt | 1 | $2.80 |
| (@@USPS Return Receipt #) (9590940305315173118660) | | |
| Total | | $7.30 |
| Cash | | $20.00 |
| Change | | ($12.70) |

Text your tracking number to 28777 (2USPS) to get the latest status. Standard Message and Data rates may apply. You may also visit www.usps.com USPS Tracking or call 1-800-222-1811.

Preview your Mail
Track your Packages
Sign up for FREE @
www.informeddelivery.com

All sales final on stamps and postage
Refunds for guaranteed services only
Thank you for your business

HELP US SERVE YOU BETTER

TELL US ABOUT YOUR RECENT POSTAL EXPERIENCE

Go to:
https://postalexperience.com/P

S SECTION ON DELIVERY

- ☐ Agent
- ☐ Addressee

Kirby

(Printed Name) Kirby

C. Date of Delivery 2/25/19 *

ddress different from item 1? ☐ Yes
delivery address below: ☐ No

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Restricted Delivery
stricted Delivery
ery
ery Restricted Delivery
stricted Delivery

Domestic Return Receipt

I certified
Grievance complaint
never got a response

H.R. Joey Tillman
Head Quarter
LaSalle Corrections, inc.

* Please See Dates *

**U.S. Postal Service™ CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

RUSTON, LA 71270

OFFICIAL USE

Certified Mail Fee $3.50

Extra Services & Fees (check box, add fee as appropriate)
- ☐ Return Receipt (hardcopy) $2.80
- ☐ Return Receipt (electronic) $0.00
- ☐ Certified Mail Restricted Delivery $0.00
- ☐ Adult Signature Required $0.00
- ☐ Adult Signature Restricted Delivery $

Postage

Total Postage and Fees

Sent To: Attn: Joey Tillman HR Grievance

Street and Apt. No., or PO Box No.: 192 Bastille LN,

City, State, ZIP+4®: Ruston LA 71270

Postmark Here: PORT ARTHUR TEXAS MAR 20 2019 USPS CLERK 05 — 03/20/2019 *

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7018 0680 0001 5151 2276

(Estimated Delivery Date)
(Friday 03/22/2019)

| | | |
|---|---|---|
| Certified | 1 | $3.50 |
| (@@USPS Certified Mail #) (70180680000151512276) | | |
| Return Receipt | 1 | $2.80 |
| (@@USPS Return Receipt #) (9590940240028079017398) | | |
| Total | | $7.60 |
| Cash | | $10.00 |
| Change | | ($2.40) |

Text your tracking number to 28777 (2USPS) to get the latest status. Standard Message and Data rates may apply. You may also visit www.usps.com USPS Tracking or call 1-800-222-1811.

Preview your Mail
Track your Packages
Sign up for FREE @
www.informeddelivery.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

HELP US SERVE YOU BETTER

TELL US ABOUT YOUR RECENT POSTAL EXPERIENCE

Go to:
https://postalexperience.com/Pos

* Mary Alice Cheatam
1.29.23

Mary Alice Cheatam / Charge # 846-2019-10056

p. 1.

TO: Whom it May Concern: Jody Tillman
From: Mary Alice Cheatam, Lasalle Employee
I am writing you today because I am now ready to report the constant 3rd party Sexual Harrasment, and I hope I am not retaliated against or fired from my Job for doing so. I called Lasalle H.R. about one and a half to two months ago I spoke to another female worker who works in the department concerning Pay Roll, took care of my Pay Roll issue and I began telling her small parts of my problems at work but I told her I feared retaliation would come, and I still do, I am still not comfortable speaking with this Administration, espically since (the warden Lacy) informed me a few weeks back that she can be sneaky when she want to be. But there is four male co-workers of mines, Lt. Gillespie, Sgt. R. Johnson, Officer J. Cooper, and Officer D. Cole who always talking under females clothes and even there own clothes referencing to sexual acts. Lt. Gillespie even comes to work Drunk, and talks about his own lack of. there is so much more to tell please send someone, or call me to investigate this matter. I really need my job and very much fear retaliation. Here is a few people who may tell you all the truth Officer T. Gibson (male), Officer R. Williams (male), Officer C. Jones (female) Officer A. Williams (female) She knows about the night Lt. Gillespie came to work Drunk turn all the lights on, and make statement

Mary alice Cheatam 1-27-21

Mary Alice Cheatam
Charge # 846-2019-10056

if I aint getty no Pussy, nobody aint sleeping (alleged Statement!) There is so much more to inform you all about, I pray I can trust you all, and put a stop to this madness, I asked my immediate Supervisor, Sgt. R. Johnson to give me a EEOC form, or tell me how to go about getting an EEOC form, and Sgt. R. Johnson practically ignored me, he told me to get in touch with Captain Gobert to find out how to go about getting a form and with that Sgt. R. Johnson did not help me with this matter, Yet Sgt. R. Johnson always have I-D-card (my card) employees signing Documents concerning offender Prea. I was going to Report this sexual Harrasement without telling you all who I was, but I decided to Reveal my Identity. To my understanding when I first started working for Lasalle Correction Officer J. Cooper, and Officer D. Cole was acused of making sexual Remarks to Offenders concerning a Nurse she reported to Warden Lacy then later quite, and J. Cooper and D. Cole was told by warden Lacy not to behave like that again, and was allowed to keep there job.

Thank You
Mary Alice Cheatam

(409) 5490761
1206 6th Street
Port Arthur Texas
77640

P.S. Some of these people may need Drug Testing (Lt. Gillespie) *February 2019*

Mary alice Cheatam 1-27-21

Mary Alice Cheatam
Charge # 846-2019-10056

P, 3

Sgt. R. Johnson has told female offender J. Morris She use to live in 3A-67 cell, now she lives in 3A66 cell, he told her She needs to take a Douche, because She f smell like Tuna, I once caught Sgt. R. Johnson talking to J. Morris threw the satilite hall way when he came off 3B-Pod he stated that lying Bitch said her light was Broke, R. Johnson was on the intercom speaker in 3-control Picket laughing and joking with Offender J. Morris() and he was tring to get other male officers to do the Same D. cole and T. Gibson, Officer T. Gibson would not have any part of that behavior, and he walked out the control Picket, Sometime the intercom works, and Sometime it do not, that night it was working good, There is many more incidents that Sgt. R. Johnson has been a part. of, m.c.

Mary alice Cheatam 1-27-21

Mary Alice Cheatam
Charge Number 846-2019-10056

P. 1

TO: Jody Tillman (human Resources)
FROM: Mary A. Cheatam (Lasalle Employee)

Hello Mrs. Jody Tillman I wrote you last week to let you know who all may be able to speak on the in-appropiate behaviors of Lt. Gillespie, and Sgt. R. Johnson (Lasalle, Beaumont Texas Supervisors,

* Ann Williams (2-C-card) can inform you about the time Lt. Gillespie Came to work under the infuence of Something stating If I can't get no Pussy ain't Nobody gone' sleep, and turn all the lights on while Offender tried to sleep

* Ronald Williams (2-D-card) is the person who told me (Cheatam) about the time Lt. Gillespie was call to work on a Saturday Night, and he was upset about having to come back to work because an Offender Cut his own private part. Lt. Gillespie put on a pair of Gloves, and began beating the Offender in the elevator, MR. R. Williams tried to Stop Lt. Gillespie, but Mr. R. Williams told me Lt. Gillespie push him aside like a Rag Doll, R. Williams said he just got out of the way, Then Lt. Gillespie told Officer J. Cross to open the Door that Lead to the Turn Out Room where the Gas is kept, But J. Cross refuse to do so.

Mary alice Cheatam 1-27-21 → Back →

R. Williams and another Officer then loaded the offender on the Lasalle Van and took the offender to the Hospital for cutting his private part, MR. R. Williams was Scare to report this incident.

Mary alice Cleam
1-29-23

Mary Alice Cheatam
Charge Number 846-2019-10056

P. 2.

* Every one on 2-D-card is talking about Lt. Gillespie doing his second job (Insurance) on Lasalle's computer Lt. Gillespie is even trying to sell the insurance to Lasalle employees while at work.
* C. Jones (2-D-card) can tell you that she Directly informed Sgt. R. Johnson that she was offended by the corndog Remarks Officer D. cole made to her (common Mrs. Jones show me how you eat those Corndogs) * and that Sgt. R. Johnson never Reported this incident to his supervisor, this is because Sgt. R. Johnson was on the 3rd floor where I cheatam worked that night making sexual comments about the same breakfast corn Dogs, Sgt. R. Johnson Did not want to get his self in trouble right along with Officer D. cole,
* Mr. Terry Gibson (2-D. card) can, and will tell you that he is just fed up with Lt. Gillespie, Sgt R. Johnson Officer J. cooper, and Officer D. cole making sexual remarks all the time, and also talking under their own clothes calling each Other Faggets, saying I bet cooper Not wearing no Draws (Sgt. R. Johnson always says this or Don't bend over in front of me, or cole, whats that white stuff on your mouth, or when they have sauge for Breakfast, Sgt. R. Johnson says

Mary alice Cheatam 1-27-21

Mary Alice Cheatam
charge number 846-2019-10056

P.3

come get some of this meat. Mr. Terry Gibson may or may not be able to tell you about other incidents.

* and of course if I Mary Cheatam (I.D. card) can be of any more help please let me know. I have asked Both Lt. Gillespie 2-11-2019, and Sgt. R. Johnson 2-7-2019 for Grievence forms, and I asked R. Johnson for EEOC form 2-7-2019, niether one of the supervisor's attempted to help me out Lt. Gillespie told me to ask Warden Lacy Now all of a sudden I was presented with a Disciplinary Stating I was unprofessional on the Radio 2-7-2019, first R. Johnson Stated on 2-7-2019, I was arguing with Officer J. Cooper on 2-7-19, But when R Johnson tried to get witness statement, Mr. Gibson, Mr. Parks, Mrs. Jones, and The man who R. Johnson said I was arguing with all said they Didn't hear anything like that on the Radio, Lt. Gillespie still served me the Disciplinary on 2.11.19, and told me to be to Lasalles at 4:00pm 2.12.19 to talk to the warden. I asked Lt. Gillespie was I getting paid for coming in early, and Lt. Gillespie stated getting paid is the least of your worries, and also Lt. Gillespie would not give me a copy of my statement I wrote on 2-11-2019. →

Mary Alice Cheatam 1-27-21

Mary Alice Cheatam
Charge Number 846-2019-10056

P.4

nor would Lt. Gillespie give me another paper to continue writing my response to the Disiplinary written on me, so I continued my statement on the back of the Disciplinary form.

Thank you
Mary A. Cheatam
2-11-2019
(409) 5490761

P.S.

* I forgot to mention one day while 2D-card was coming in for work I Cheatam was in Booking gathering my items after being pat down, Mr. D. Cole also was gathering his items, Mr. D. Cole girlfriend had just had their second child, and Lt. Gillespie came to Booking, and stated to D. Cole come on Cole show me how you make them Babies, moving his body back, and forward. MAJ Between 500pm & 530pm

* T. Gibson mentioned to me (Cheatam) while he was taking his moldulous test on Sgt. Deville's computer in her office a site call Dirty House wife wholes popped up, on the computer

Mary alice Cheatam 1-27-21

Mary alice Chean / 11-26-2019 / To William G. Pulkingham workers Compensation Lawyer
Charge # 846-2019-10056

securelink llc

Dear LaSalle Management Company, LLC Employee,

Our company, SecureLink, provides an anonymous hot-line service called SecureLine to companies, such as LaSalle Management, to provide a protected line of communication for all employees in an organization. We believe that employees hold the keys to making a good company become a great company. In today's business environment, fraudulent and irresponsible activities arise that threaten a company's progress - this is where SecureLink steps in.

The hot-line is not a replacement for direct communication with your supervisors and management. However, LaSalle Management realizes that in some circumstances you may not feel comfortable in discussing concerns openly and would like to inform management in a more private, anonymous manner. The hot-line is for communicating any concerns that you may have. Examples can include concerns over a co-worker's substance abuse which affects safety, OSHA/DOT violations, theft, harassment, any type of discrimination, etc. As you can see, the possibilities are endless.

The hot-line is open 365 days a year, 7 days a week, 24 hours a day. Our call center is located in Odessa, Texas and the operators there will be the only party to the actual conversation. Therefore, there is no chance of voice recognition by LaSalle Management. When you place a call, the operator will ask for the name of the company you are calling about and the location, they will not ask for your name. You may then leave any information that you wish. The operator will repeat the information to you to make sure that she/he has correctly understood. The operator will then ask you to note the date and the time of the call. If you come across new information regarding your previous call, we ask that you give the date and time of the previous call so that we can link them together. SecureLink then relays that information to the designated contact at LaSalle Management. SecureLink and LaSalle Management have no obligation to report any information received to the police, IRS, DOT, OSHA, etc. On the attached card provided, you will find the hot-line number. You will also note that you may send information to our post office box or via e-mail.

LaSalle Management values the input of their employees and realizes that the information their employees can provide is critical to the success of the company. With this in mind, we hope that you will use the hot-line not only to express your concerns but also any ideas that you have that will bring value to your company.

With care,

Christy Stephens, CPA, CFE

Christy Stephens, CPA, CFE
President

secureline®

**1-888-324-4245**

P.O. Box 20071
Hot Springs, AR 71903
tip@securelinkllc.com

Mary alice Chean 1-29-23

Mary Alice Cheatam Cheatam
Charge # 846-2019-10056

# American Alliance Auditing, L.L.C.

**Marc Coudriet, Owner/Auditor**

**5630 Paradise Drive, Midlothian, TX 76065**

**Tel: 910-750-9005**

**Email: americanallianceauditing@gmail.com**

Prison Rape Elimination Act (PREA) Policies

In compliance with Section 115.22 of the Prison Rape Elimination Act (PREA) Standards, LaSalle Corrections, LLC. has a zero tolerance toward all forms of sexual abuse and sexual harassment. LaSalle Corrections, LLC. at this correctional facility has incorporated policies to ensure referrals of allegations are forwarded for investigations.

Reporting Abuse

To report any incident of sexual abuse or sexual harassment involving an employee working within a LaSalle Corrections, LLC. contracted facility, you may call the PREA Hotline toll free at 1-855-700-PREA (7732). Please have any information or evidence available for the investigator who will be assigned to handle the case. False accusations may be prosecuted. All reports are taken seriously and investigated as outlined in PREA.

Audit Report

LaSalle Corrections, LLC. contracted facilities will be audited pursuant to Section 115.401 of the PREA Standards. The on-site PREA Auditor visit will be conducted 28 -29 March 2019, during this on-site visit, the auditor will conduct random interviews with staff and inmates of this facility. These interviews are voluntary, but your participation will be very help to the completion of the PREA Audit. You may also contact the auditor anonymously if you would like to share information or ask questions related to PREA policies or this on-site visit.

Marc Coudriet
5630 Paradise Drive
Midlothian, Texas ~~75065~~ 76065
Email: americanallianceauditing@gmail.com

* Talk to Marc Coudriet (3-5-2019) at 217pm *
informed I called at 136pm no answer but Marc Coudriet called me back at 217pm
* called 3-8-2019-354pm- left message concerning concerning R. John talking inappropriate & stealing time Cpt. Gobbert talking Down to me, telling me
Mary Alice Cheatam 1-29-23

Mary Alice Cheatam
Charge number 846-2019-10056

On 3-11-2019 Mr. Marc Coudriet American Alliance Auditing LLC made posible that a LaSalle Correction Warden from another LaSalle Unit came to the LaSalle Correction Unit in Beaumont Texas late Night to interview a few people who was named in my Sexual Harassment Complain, After the interview nothing changed for the Better, it got even worse the nasty, and Dirty Talkin continued by Lt. A. Gillespie, Sgt. Robert Johnson, John Cooper, and DeAndrea Cole, I also informed Warden Wilson (male) Officer DeAndrea Cole asked Officer Cheryl Jones who wears false teeth *(Mrs. Jones show me how you eat thoses CornDogs.)* and Mrs. Jones became up-set about his Comment and left her Duty Post, and never return to her Duty Post on that night Mrs. C. Jones reported Officer D. Jones behavior to Sgt. Robert Jones, and he never reported Officer D. Cole to any higher Supervisors. Officer Ronald Williams was Standing Right there also, but he may not want to get involve But Ronald Williams did tell Officer Cheryl Jones if the Warden, or anyone ever asked him about the incident he would tell the truth.

* Please See a copy of my Original Statement to Mr. Wilson, a Warden from another LaSalle Corrections Unit on 3-11-2019.

Thank You
Mary Alice Cheatam
1-27-2021

Charge# 846-2019-10056 P. 1

Came to Lasalle Workman to talk to all involved 3rd Party Sexual Harassment 3-11-2019

* To: Warden Wilson /

From: Mary Alice Chearon (Lasalle Correction Employee) Mentions

These are some of the States & I have personally heard Lt. Gillespie, Sgt. R. Johnson, J. Cooper, and D. Cole make in my presence, In our Turn out one Day Sgt. R. Johnson told J. Cooper you're worst than a woman, Sgt. R. Johnson also told J. Cooper what color is your Balls, and began laughing, Sgt. R. Johnson asked J. Cooper Do you ever wear Draws, You better Stop Bending over in front of me, or I'm going to have to take care of my business I'll put it all the way up you, Sgt. R Johnson told J. Cooper I know you have a bad Right hip, so why don't you let me take care of Belinda (cooper's wife) I'll hook her up, Sgt. R. Johnson also told J. Cooper, man I'm tired of putting extra money in your house, I lay where I pay, that means I'll have to start laying with belinda, Sgt. Joh Stated ain't that Right G.b (officer Terry Gibson) Mr. T. Gibson Stated if a man let you do that, and Mr. Gibson walked away, Both Lt. Gillespie and Sgt. R Johnson both Stated they like it from behind and Lt. Gillespie Stated he likes it Ruff, and when the person Resist it better that way, this was one morning as our shift was getting off from work Lt. Gillespie left out of the time) out room & follow us out to the Door where you leave the building Sgt. R Johnson told Cole During the feeding of Breakfast Hey Cole you want this Sausage, Breakfast Sausage was being Served on this Day, Sgt. R. Johnson also asked D. Cole What's that on your mouth that white *milk* Stuff, then R. Johnson began laughing.. When I Reported this behavior to Captain

Mary alice Chearon 1.29.23

Charge # 846-2019-10056 P. 2

Gobert she stated Ms. Cheatam that's just the way Boys talk it's just TDCJ slang. I informed Captain Gobert I also worked for TDCJ 20 years and I have never heard guys talk to each other like that on the job. Captain Gobert told me, She herself often tell the male employees when they are in a bad mood, you must be on your cycle today, you sure you are wearing your PAD Captain Gobert stated to me thats just normal, that's just TDCJ slang. I Officer M. Cheatam informed Captain Gobert that is not normal talk for the work place. Captain Gobert then told me that is why nobody likes you, because you always writting in that Pad of yours, Captain Gobert tried to flip the script on me to make it seem like I had done something wrong, I also informed Captain Gobert Sgt R. Johnson often lets certain Officers leave the Unit to go to the Stores Chicken, or Burger Places without clocking out and then taking another 30 minute Break later (this is when they do clock out) She again became upset with me and started defending R. Johnson behavior again. Captain Gobert gets that nobody likes you talk from Warden Lacy because every time I go into Warden Lacy's Office for anything I always hear nobody likes you, No Body wants to work with you, because you always writing in your PAD, I have asked Warden Lacy over and over again is having my small pad illegal and she continue to tell me it is not illegal yet she continues to throw it in my face that I carry a note Pad, I Mary A. Cheatam can not think of every thing right now I have some thing written at home, Thank You for coming out to investigate this matter, Mary A. Cheatam (409) 549-0761 / 3-11-20

1-29-23

In 2017 I informed
Warden Derrah Lacy there
was another Male
Supervisor by the name of
Ronald Holmes treating
the male Officers with
more Respect than the
female Officers, Lacy
Did not want to hear
anything I had to Say
concerning This matter.

Mary Alice Cheatam
Charge number 846-2019-10056

January 19-2017, was the first time I Mary alice Cheatam Reported any type of Discrimination or favoritism at the workplace at LaSalle Corrections in Beaumont Texas Detral Lacey the warden at LaSalle Corrections, Beaumont Texas Stated to me, I don't have time for this, that's petty I have a Audit to worry about, and that's some Black people shit, I knew then I was in trouble, because Detral Lacey did not care about her employees.

Mary alice Cheatam
1-27-2021

Mary Alice Cheatam
Charge number 846-2019-10056

To: Warden Lacy
From: Mary Cheatam
I thought about something you said to me last night about Cpt. Gobert staying late, and speaking to All of the D.C. card night Officers. Cpt. Gobert left the unit during our Turn Out 1-23-17 I heard the Captain tell Sgt. Ronald Holmes I need to talk to you, she also told R. Holmes call me tonight when you get time. No one from our turn out left turn out, to talk to the Captain before she left the unit. Ask Ms. Howard, Thank You Mrs. Shields.

May Cheatam
1-25-2017

P.S. Over a month ago I did speak to Cpt. Gobert about getting off R. Holmes card, and she told me it would cost money to do that, but that she would talk to R. Holmes about the way he speaks to me. MC

Mary alice Cheatam 1-27-21

Mary Alice Cheatam
Charge # 846-2019-10056

LASALLE SOUTHWEST CORRECTIONS

# General Statement

Jefferson County Downtown Jail
Beaumont, Texas
Employee __ Inmate/Detainee __

Page # 1

*Statement should include who, what, when, where, how and why (if appropriate).*

It has become a continuous pattern of bad behavior, favoritism, and unproffessionalism displayed by Ronald Holmes a night time supervisor on D-c-card. R. Holmes allows the male officers including hisself to take extra breakes throughout the night to go out side to smoke, sometimes the males (Hawkins & Boudreaux) take extra eating breaks without clocking out, while myself, and the other female officers cannot leave our duty post, not even to go the food service Dept. to fill up the coolers with Ice without having to call R. Holmes, and make a request, while All night long the males are back, and forward on the elevator, without requesting to be on the elevator. Also on 1-18-17 I Mary Cheatam was assigned to work 3-floor A and B Pod, and Officer D. Tatum was assigned to work 3-floor control Picket, and 3-C and D, at 6:15pm I did an In, and out for A-Pod, and B-Pod at this time I Retrieved the Empty Ice coolers for Both Pods, minutes later Nurse mcphearson, and R. Holmes arrived on the 3rd floor to begin Pill call, Officer Tatum Relieved me in the 3 control Picket

**Individual Making the Statement**

| Name (Last, First, Initial): | Signature | Month | Day | Year | Time | AM/PM |
|---|---|---|---|---|---|---|
| Cheatam, Mary | Mary Cheatam | 01 | 19 | 2017 | | |

**Individual Witnessing the Statement**

| Name (Last, First, Initial): | Signature | Month | Day | Year | Time | AM/PM |
|---|---|---|---|---|---|---|
| | | | | | | |

Mary alice Cheatam 1-27-21

Mary Alice Cheatam
Charge #. 846-2019-10056

LASALLE SOUTHWEST CORRECTIONS

# General Statement

Jefferson County Downtown Jail
Beaumont, Texas
Employee Inmate/Detainee

Page # 2

*Statement should include who, what, when, where, how and why (if appropriate).*

So I could do Pill call on A-POD, At this time my self, and officer Tatum was able to go in, and out of the picket, because the picket DOOR was not locked, because I had did an In, and out only minutes pyor to the nurse arriving on the 3rd floor, I knew some of the female offenders was not fully Dressed on the upper, and lower Run, one female Offender on the lower Run was sitting on the table in her underwear, and shirt, and on the upper Run two female offenders was lying on their blanket in the Day Room in their underwear and shirt, so when I notice R. Holmes, and Nurse mcphearson entering the A-vestible I Rushed to get in there, because I have witness in the pass MR. Holmes enter the Runs on A-POD to Do Pill call, and do In, and outs on A-POD, and even Rack-up without waring the females Offenders Man on the Run, AS I entered A vestible R. Holmes was about to step thru the Run DOOR, I M. Cheatam stated Hold on Sgt. Some of the Females are not fully dressed, MR. R. Holmes looked back at

Individual Making the Statement

| Name (Last, First, Initial): | Signature | Month | Day | Year | Time | AM/PM |
|---|---|---|---|---|---|---|
| Cheatam, Mary | Mary Cheatam | 01 | 19 | 2017 | | |

Individual Witnessing the Statement

| Name (Last, First, Initial): | Signature | Month | Day | Year | Time | AM/PM |
|---|---|---|---|---|---|---|
| | | | | | | |

Mary alice Cheatam 1-27-21

Mary Alice Cheatam
Charge #. 846-2019-10056

me with a frown on his face, and stated I wasn't about to go in there without saying man on the Run (But from what I witnessed R. Holmes was about to step in the lower Run, and I didn't hear anything come out of his mouth) I do know that Mr. R. Holmes is a supervisor, and he can indeed enter A-POD, and do In, and outs, Pill calls, etc, I just thought I was giving R. Holmes a heads-up, concerning the female offenders not being fully dressed, but instead of being glad I warned him, R. Holmes seemed to be upset with me, I also wondered why R. Holmes didn't wait for me to be relieved by Officer Tatum, so at this point both myself, and R. Holmes was just standing against the wall, because I didn't know if he wanted to go and get the female offenders, or not, R. Holmes finally said if you want you can go get the ones who need to see the nurse, its not like I really cared which one of the two of us went to get the ladies, I just didn't know what to do, at this point I did go on the upper, and the lower Run to get the female offenders who needed medication. After Pill call on A-POD and B-POD was complete I relieved Officer Tatum in the Picket so he could do Pill call on C-POD, and D-POD, R. Holmes locked me in the control Picket for about three hours, I could not do any In, and outs or return the Ice coolers to the female offenders. Even when I called R. Holmes he would not come, and open the picket Door to relieve me, or allow Officer Tatum to relieve me to do an In, and out for the female offenders, R. Holmes is the person who stresses in Turn Out how important it is that All the offenders get their In, and outs every Hour, At 9:00 pm I called Booking where R. Holmes was just sitting with Ms. Howard I asked Officer Howard to please tell R. Holmes the female

* Mary Cheatam 1-19-2017 *

Mary alice Cheatam 1-27-2017

Mary Alice Cheatham
Charge #. 846-2019-10056

offenders was calling constantly for an In, and Out, Officer Howard informed me R. Holmes said he would be up there in a couple of minutes, which he never did come up to the 3rd floor until 940 pm, but instead of Relieving me so I could do my In and Outs on A-POD, R. Holmes went to C,D Area and talked to Mr. Tatum, as R. Holmes was about to go back on the elevator, I motioned to him, and stated I need to do an In, and Out on A-POD, R. Holmes yelled out at me, How are you going to do an In, and out if Tatum's not in the picket? I didn't understand why R. Holmes didn't Relieve me so I could do my In, and Outs on A-POD, At 955 pm R. Holmes came back on the 3rd floor he finally unlocked the Picket door so I could do the In, and out for A-POD R. Holmes, and Officer D. Tatum began talking Right at the Picket Door, so after about ten seconds I walked around the two men, and began walking towards A,B side, I didn't take three steps when R. Holmes went off on me in front of Officer D. Tatum, R. Holmes Raised his voice, and stated to me NO You didn't just walk out of this Picket without no body being in it, I stated Sir you and Mr. Tatum is standing Right in the door way, R. Holmes stated So what you see us talking too, R. Holmes told me I bet not ever do that again (R. Holmes don't even talk to the Offenders like that, at lease I have never heard him talk to an Offender in that manner) I just went to A-POD did my In and Outs and returned the cooler full of Ice to the female Offenders, Later on that night Mr. D. Tatum stated to me R. Holmes was wrong how he did me. The very next Day 1-19-2017 I was assigned to the 2nd floor control Picket I was Relieved by Officer Bourdeaux at 11:15pm to take a Break, when my Break was over, and I Returned the the 2nd floor Picket at 1140 pm

+ Mary Cheatham 1-19-2017 +

Mary alice Cheatham 1-27-21

Mary Alice Cheatam
Charge # 846-2019-10056

Mr. R. Holmes unlocked the Picket Door, and Officer Boudreaux shot out of the Picket, I was not even at the Picket Door, R. Holmes never said a word to Officer Boudreaux concerning leaving out of the Picket before I M. Cheatam entered the Picket, I looked at R. Holmes and I stated what did I do soo different yesterday than what Officer Boudreaux just did, R. Holmes never answered me, nor did R. Holmes tell Officer Boudreaux anything, I now feel R. Holmes attack towards me is personal. Also on 1-18-2017 R. Holmes did not unlock the 3rd floor Picket until 1:15 Am to Allow me to take a Break, R. Holmes told me it was my fault I let Officer Tatum take a break first on the 3rd floor, but I'm not the supervisor R. Holmes knew Officer Tatum had gone pass an hour on his break (without clocking out for an hour) Also when I finally took my Break I noticed Officer Boudreaux warming up his food Mr. Boudreaux was on his Second Break, because Boudreaux had already taken a Break at 11:10pm and now at 1:15 Am he was on another Break, (Please ask Ms. Howard, Hopefully She will tell the truth). I Mary Cheatam feel R. Holmes is Retailiating against me for pass incidents between the two of us, I am respectfully asking for someone to put a stop to MR. R. Holmes unproffessional behavior, m.c.

Thank You
Mary A. Cheatam
1-19-2017

P.S. To be perfectly clear, I am not acusing MR. R. Holmes of doing anything wrong concerning the female offenders, I just thought the situation was strange. m.c.

Mary alice Cheatam 1-27-21

My 3 witnesses
Terry Gibson & Ann
Williams are Afraid
To Testify against
LaSalle Corrections
Beaumont Texas, Due to
Retaliation, and Possibility
of losing their Jobs
They may need to be
Subpoena

* Mary Alice Cheatam
* Charge number 846-2019-10056

P. 1

To: Michelle Villanueva (EEOC)
From: Mary Alice Cheatam
* Charge Number 846-2019-10056 *
* Subject: Witnesses *

People who was witness to hearing, or experienced Sexual Harassment at the work place, All Three witnesses are still employees for LaSalle Corrections in Beaumont Texas. I have spoken to All three witnesses informing them they maybe receiving a telephone call from You. All three people said YES

* Alice Mayfield - Telephone Number 1-337-280-4333
While Officer Alice Mayfield and another female officer was conducting a cell search Lt. A. Gillespie (Black male) walked up closely behind officer Alice Mayfield and the other female officer, and stated I finally got yall where I want you, Lt. A. Gillespie did this Right in front of his then Girlfriend, now wife (officer Edison) causing Officer Edison (now wife) not to speak to Officer Alice Mayfield for a year. Ms. Alice Mayfield work Part-Time for LaSalle Corrections, inc

* Terry Gibson (Blk. male) - Telephone Number 1-409-350-4300
Officer Terry Gibson, and my self (Mary A. Cheatam) worked at LaSalle Corrections on the same shift for a year or better, in that time period officer Terry Gibson heard Lt. A. Gillespie, Sgt. R. Johnson, Officer D. Cole, and Officer J. Cooper constant use of profanity, talking dirty about woman, even talking under each others clothes Describing what they do to their girlfriends, and wifes, and it didn't matter if females officers

Mary Alice Cheatam
1-29-23

* Mary Alice Cheatam p. 2
* Charge Number 846-2019-10056
* Subject: Witnesses

was close enough to hear them whether it was in the thun out Room, or on their Duty Post, Even Mr. Terry Gibson complain to me concerning the four men behavior constantly talking sexual, Mr. Terry Gibson stated to me enough is enough they need to give it a break sometime. Mr. Terry Gibson works 6pm to 6am. mc.

* Ann Williams - Telephone Number 1-409-499-6277
One day, over a couple of years ago while talking on the telephone with Officer Ann Williams I was informed one night while she worked Lt. A. Gillespie came to work the Offenders was Racked-Up Ready for bed Lt. A. Gillespie was angry concerning issues he was having at home, Lt. A. Gillespie turned on all the lights, and stated if I can't get any PUSSY at home ain't nobody going to sleep. Officer Ann Williams works 6pm to 6am mc.

Mary alice Cheatam
1-29-23

Alice Mayfield

Witness

1-337-280 4333

She Had An Unwanted Sexual Harassment Experiance with One of The male Superviors I make a complaint on Lt. Arthur Gillespie

# EEOC

From: MICHELLE VILLANUEVA (michelle.villanueva@eeoc.gov)

To: alicesmayfield@yahoo.com

Date: Sunday, March 7, 2021 at 03:17 PM CST

Ms. Mayfield,

Thank you for taking some time to speak to me. If you can recollect any additional information that you believe would be helpful, please contact me – by phone or email—and we can continue to discuss. It would be helpful if you could provide details or additional incidents that describe the workplace behavior, or direct me to other employees that can provide further insight. Please don't hesitate to contact me.

Best regards,

*Michelle Villanueva*

*Federal Investigator*
*U. S. Equal Employment Opportunity Commission*

*Houston District Office*

*1919 Smith Street, 6th Floor*

*Houston, Texas 77002*

*Telephone: (346) 327-7677*

*Fax: (713) 651-4902*

TERRY Gibson

Witness

1-409-350-4300

TO Sexual Harassment

Officer Terry Gibson was a witness to several of the sexual Harassment in the work place at LaSalle Corrections Beaumont Texas. Even after I no longer worked at LaSalle Corrections, Mr. T. Gibson would call me from time to time & tell me about it.

EEOC
Charge number 846 2019 10056 p. 1

(Lynn)?
Terry Gibson (male) 1-409-350 4300 - New
1-409-832-4275 - old
1108 Euclid Street (Born 1961)
Beaumont Texas 7770

* Terry Gibson is Also aware of a female Nurse who quite because she was being Sexually Harassed by Officer Cole, & Officer Cooper in front of Offenders, Warden D. Lacy threatened to fire Officer Cole, and Officer Cooper if they continued to Harasse the female Nurse, the officers never Stop Harassing the female Nurse, Derrah Lacy never fired the two male officers.

* After I no longer worked for La Salle Corrections Terry Gibson called me while he was on Break, and informed me that the Sexual Harassement was even worse than when I was employed at LaSalle Corrections, Terry Gibson told me Robert Johnson & another Officer by the name of Prejean was in the Pickett with Officer Lockett (female) wrestling all over the floor, and Officer Prejean (male) made the Statement (This how you do a woman, you choke her down then you eat her Pussy, then she will love you

Mary alice Chearum 1-29-23

to Death.

*** Terry Gibson once told me, I'm a man and I get tired of hearing about DICKS every night. ***

*** Terry Gibson Can tell you how Robert Johnson (Supervisor) continued to tell Officer Cooper (male) how he would like to go to bed with (cooper's wife) also how fine cooper wife looked in Blue Jeans. ***

Mary alice Chearn

This is the type of lanuge men, and women had to hear night after night working with Robert Johnson, J. Cooper, + D. cole MAC

Mary alice Chearn 1-29-23

TO: EEOC

On 1-4-2019 I Mary A. Chearam was told by Officer Terry Gibson, Officer John Cooper, and Sgt. Robert Johnson was playing the come on Game as usually (again), and Robert Johnson told Officer J. Cooper he (Johnson) like Booty not Man Booty, But woman Booty in front of officer Terry Gibson, and Officer A. Lockett (Female)

Mary alice Chearam

Mary alice Chearam 1-29-23

EEOC
Charge number 846 2019 10056

On 4-18-2019 at 5:30pm
Officer Terry Gibson called me and informed me He asked Officer D. cole did he (cole) get wrote up when he fell Down six months ago while he was feeding the Breakfast me and cole told Officer Terry Gibson NO he did not, cole stated they could not write him up because he had not been trained on how to feed out of the food carts. (that makes no sense (No one has been trained on feeding out of any of the food carts, D. cole didn't fall when he was taking trays out of the food cart, Officer D. cole fell when he was going Down the stairs with a bucket of food trays, which he was not suppose to have, Also Officer cole informed Officer Terry Gibson he never sat in front of a review Board, Officer D. cole act as if he didn't know what that was, Warden Dexter Lacy told me It was normal when someone get hurt them while on the job. to go before a review Board. Mary alice Chear

Officer D. cole never was written up for an un Safe Ac for falling Down Stairs while he was feeding Breakfast at LaSalle Correction Beaumont. Tx. MAC

Mary alice Chearn 1-29-23

A Review Board was put together Right After I Slipped & Fell on 4-14-2019, Warden Derrick Lacy Capt. Lisa Goben, and Lt, Arthur Gillespie. All of these people I filed a complaint on. Bulling, Sexual Harassment, Hostile working Environment, Retaliation, MAC

Charge number 846-2019-10056

To EEOC

On 4-26-2019 Officer Terry Gibson called me at my home and informed me that Officer Tindle, white male, and Officer D. Cole, Black male who Both supposedly had workplace injuries at LaSalle Corrections Beaumont Texas Did not Know what a Review Board was, and had never heard of a Review Board, On 4-16-2019 Warden Detrah Lacy informed me that I need to go before a Review Board whenever I return Back to work after I slipped, and fell on water in the Book-In Area which Sgt Robert Johnson and the Book-In Officer that Night Cheryl Jones ignored, and to mop up (4-14-19) LaSalle Corrections H.R. Susan Benoit informed me The Review Board was about Un-Safe Act, and the people on the Review Board is Warden Detrah Lacy, Captain Lisa Gobert, and Lt. Arthur Gillespie, All of these people I have filed a Complaint on for being unprofessional, causing a Hostile Working Environment, Retaliation, and Sexual Harassment This was clearly a set up to write me up again, I never Seen the water on the floor when I slipped and fell. Mary alice Chearam.

P.S. Jody Tillman Director of H.R Louisiana Head Quarter informed me she had never heard of a Review Board it must be something new, if the Director of HR. never heard of a Review Board, Warden D. Lacy made this Review Board thing up. MAC.

Mary alice Chearam 1-29-23

EEOC
Charge number 846 2019 10056

Continuos Sexual Behavior In the work Place at LaSalle Corrections Beaumont Texas )*

11-14-2019 at 5:00pm Officer Terry Gibson Called me I missed his call at 5:00pm, I called him back at 5:15pm 11-14-2019, Terry Gibson informed of an incident which had occurred on 11-13-2019, Terry Gibson began by saying to me The Booty Game is stronger than it ever been, its even worse than ever Officer Terry Gibson than informed me Robert Johnson was Horse Playing in the Picket with an female Officer A. Lockett, Robert Johnson (as I was told by T. Gibson placed his hands around Officer A. Lockett's neck, and Slammed her to the floor, Robert Johnson than began to Rock back & forward against Officer A. Lockett's body, Officer Terry Gibson did informed me (Mary Cheatam) & Terry Gibson stated to Robert Johnson Hey Sgt. whats what's you doing? Robert Johnson then told Terry Gibson Man don't worry about it She loves this, Terry Gibson informed me Officer A. Lockett was Smiling and stated to Robert Johnson you got me messed up, you must be talking about Britney, Britney is Robert Johnson wife, All at once Officer Prejean enter the Picket Robert Johnson, and A. Lockett gets off the floor, then Officer Prejean (male officers) joins in on the Horse Playing, Officer Prejean then pushes Officer A. Lockett against the wall / glass he places his hands around A. Lockett neck, and acts is if he was going to go down on her towards her private Prejean stated (according to Officer Terry Gibson) This is how you do it Choke the Bitch, then go down, and eat her Pussy and She'll love you forever, Prejean Stated According to Terry Gibson) Bitches like her like it rough, The only thing Officer Ashley Lockett did was drop her head & Smile this Happened on 11-13-2019.

Mary alice Cheatam 1-29-23

EEOC
Charge Number 846 2019 10056

LaSalle Corrections

Toxic Work Environment / 3rd Party Sexual Harassement

* 2-17-21 Accordin to Officer Terry Gibson Debra Lacy went into Turn Out & said any Supervisor who talks to any Officers un professional in front of Inmates needs to have her their Bars. This did not apply for me when on 3-17-19 Johnson not only talked to me crazy, loud & in front of Inmates but got on the Radio & told the Book In Officer (J. Cross) to call the Sheriff Dept. on me for no good reason where all the the officers working that night heard. (why) Retaliation.

* Sexual Harassement in the work Place.
a. tell the person in person who's doing it to stop, you are uncomfortable until they behave
b. this might help others (I thought it would)
c. inform HR about what is going on (I did) Jody Tillman she did not do what she told me she would do, she began to crucize me
d. Let the professionals do the investigation, no one at LaSalle corrections was interested in my helping me. D. Lacy, L. Colbert, S. Benoit Lt. A. Gillespie, HR. Jody Tillman, District Warden Chris Bell. they was only interested in writen me up after I reported R. Johnson, A. Gillespie, D. Cox & J. Cooper. Mary alice Cheam
1-29-23

EEOC
Charge number 846 2019 10056

* 2-17-2021 Officer Terry Gibson tells me Officer Johns Cooper is Still at it, J. Cooper tells female Officer Lockett, I'll be at your House at 10:00 am So you can Rub my legs all over, later Terry Gibson informed me (Chearam) Cooper Stated, (Where is that Big Booty Lockett (this all took place at Work (LaSalle Corrections in Beaumont Texas) John Cooper is a Married Man *

* 2-14-2021 Officer Terry Gibson called me, and informed me Officer John Cooper, and, female Officer Ms. Johnson (new officer) was flirting in Turn Out, Cooper began talking Nasty to the female Officer, the female officer told John Cooper I put it in your hands and you didn't know what to do with all of this, I asked Gibson what Did Ms. Johnson mean by that, and Gibson told me Ms. Johnson sat in John Cooper's lap (All of this while at Work) The Shift Supervisor Robert Johnson, is usually at work when everyone is in Turn Out, Where was he? Mary Alice Chearam

Mary Alice Chearam 1-29-23

EEOC, Charge Number 846-2024-10051

* McPherson Falling & Re-View Board *

5-13-2021 at, or about 8:30 pm (Thursday) (Night) Terry Gibson called me and informed me Nurse McPherson fail Down some stairs while conducting her pill call at Lasalle Corrections, I wonder if Derrick Lacy is going to fight her on Workers Comp, or when ever Nurse McPherson return to work is she going to have to go before a review Board like I was told I had to when ever I return to work or be wrote up even though it was not my fault.

Mary alice Chear

Nurse McPherson fell Down some Stairs at LaSalle Corrections, I wonder if she had to go before a Review Board before she Return back to work.
MAC

Mary alice Chear 1-29-23

No Response to another Grievance I filed with La Salle Corrections Beaumont Texas, Also Disciplinary that was written on me That was untrue. 2-7-2019

Statements from Officers who I worked with on 2-7-2019 whom Stated they Didn't Hear me curse or Be Disrespectful over the Radio.

Mary Alice Chearam
Charge # 846-2019-10056

# LASALLE
CORRECTIONS

For Official Use Only
*Grievance # ____________

STEP ONE

A. EMPLOYEE'S COMPLAINT: DATE: 2-21-2019

Employee's Name Mary A. Chearam Social Security # 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

Employee's Job Title Jailer

Employee's Home Address 1200 6th St. Port Arthur Texas 77640
Street City State Zip

Home Phone (409) 5490761 Work Phone (409) 434 4653

Facility/Department Lasalle Corrections Beaumont Texas

Nature of Complaint: Be specific: include names, dates, places, rules, regulations, etc. How have you been affected and action or relief requested. Original must be submitted at each step. Attach separate page if needed.

I Mary A. Chearam is filing a grievance on Sgt. R. Johnson a Supervisor at Lasalle corrections for writing a Discipliary on me that is not true, and never in my opion should have been written, I am Requesting the untrue Discipliary be thrown Out. Please See attached Statement, mc

Mary A. Chearam 2-21-2019
Employee's Signature Date

B. WARDEN/FACILITY DIRECTOR GRANTING REQUESTED RELIEF:

Name and Title ____________________

Date Received ____________ there has/has not been grievance meeting held at Step One

RESPONSE:

____________________ ____________________
Signature Date

Employees must submit the original completed and signed Employee Grievance Form within 10 days of the occurrence giving rise to the grievance or within 10 days of first learning of the occurrence.

Mary alice Chearam
1-27-21