IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MARY ALICE CHEATAM | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-40-MAC-CLS |
| | § | |
| LASALLE CORRECTIONS | § | |
| | § | |
| *Defendant*. | § | |

**REPORT AND RECOMMENDATION**
**ON DEFENDANT'S MOTION TO DISMISS (DOC. #6)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. CIV. R. 72. Pending before the court is Defendant's Motion to Dismiss pursuant to 12b)(4) and 12(b)(5). (Doc. #6.) After review, the undersigned recommends that the motion be denied.

Plaintiff Mary Alice Cheatam, proceeding *pro se*, filed her original complaint (doc. #1) on January 31, 2023, alleging Title VII claims against Defendant LaSalle Corrections. The undersigned granted Plaintiff's motion to proceed *in forma pauperis* on February 1, 2023 (doc. #3), and a summons was issued to the United States Marshals Service (USMS) to deliver the summons and complaint to Defendant. The summons was returned executed that same day by serving "O'Neal (transport officer)" at 1000 Pearl Street, Suite 101, Beaumont, TX 77701, the

address for Defendant that Plaintiff provided in the complaint. (Doc. #5.) Defendant identified this individual as Jared O'Neal. (Doc. #6 at 3.)

Thereafter, Defendant filed the pending Motion to Dismiss (doc. #6) pursuant to Rule 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure due to insufficient process and insufficient service of process. The motion states that Defendant LaSalle Corrections is a limited liability company (LLC), whose registered agent is Tim Kurpiewski. (Doc. #6 at 3.) Kurpiewski cannot be served at the address in the summons, and Kurpiewski did not receive the summons and complaint. As such, Defendant has not been properly served at this time, and Defendant's motion requests that the court wholly dismiss Plaintiff's suit.

A proper summons contains the correct name of the defendant and is directed to the defendant. FED. R. CIV. P. 4(a) (1)(A), (B). If the defendant is being served through its agent, the summons should state the agent's name and address. FED. R. CIV. P. 4(h)(1). Defendant's registered agent is Tim Kurpiewski, and he may be served with process at 26228 Ranch Road 12, Dripping Springs, Texas 78620. (Doc. 6-1 at ¶ 6.) To date, Kurpiewsi has not been served with process. (Doc. #6-1 at ¶ 6.) In light of the information Defendant has provided, the undersigned finds that USMS did not effectuate proper service on Defendant.

The proper remedy, however, is to reissue a proper summons containing the name of the registered agent and direct USMS to serve the new summons on Defendant's registered agent. Dismissal is not appropriate where there is a reasonable prospect that Defendant can be served properly. Furthermore, dismissal is not necessary after one single attempt at service of process. *Stanga v. McCormick Shipping Corp.*, 268 F.2d 544, 554 (5th Cir. 1959) (noting that dismissal is not appropriate where there has been only one attempt at service of process); *Allison v. Raytheon*, No. 4:10CV438, 2010 WL 5535808, at *3 (E.D. Tex. Dec. 17, 2010). Here, Plaintiff is proceeding

*in forma pauperis*—thus, it is USMS, rather than Plaintiff, who was responsible for service, and USMS can now effectuate proper service as Defendant has advised the court of its registered agent and address. Moreover, Plaintiff is still well-within the 90-day time period for service prescribed by Rule 4(m) of the Federal Rules of Civil Procedure. *See Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 447 (5th Cir. 1996) (citation omitted). Accordingly, Defendant's Motion to Dismiss (doc. #6) for insufficient service of process should be denied. The undersigned will issue a separate order directing USMS to serve Defendant's registered agent, Tim Kurpiewski, at the address provided to the court in Defendant's motion.

**Recommendation**

For the foregoing reasons, the undersigned recommends that Defendant's Motion to Dismiss (doc. #6) be **DENIED**.

**Objections**

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 9th day of March, 2023.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE